ANNA L. SNELLING *vs.* STEPHEN H. GARFIELD.

The treble damages given by Gen. Sts. c. 138, § 10, for certain trespasses upon lands, may be recovered upon a declaration alleging that the defendant, "without license, wilfully" committed the trespass; negative averments that he had no good reason to believe the land was his own, and that he was not layfully authorized to do the acts, are unnecessary; neither is it necessary that the declaration should specifically claim treble damages; and the treble damages may be assessed by the jury, or the jury may return a verdict for single damages, which is to be trebled by the court.

TORT in the nature of trespass for breaking and entering the plaintiff's close, and cutting down and carrying off a large num-

ber of trees thereon growing. The second and third counts of the plaintiff's declaration were as follows :

Second Count. " And the plaintiff further says the defendant forcibly entered the plaintiff's close aforesaid, on or about the first day of April, in the year of our Lord one thousand eight hundred and seventy-one, and without license, wilfully cut down and took and carried away one elm tree and one oak tree, and divers other trees of the property of the plaintiff, there being and standing thereon, and converted the same to his own use."

Third Count. " And the plaintiff further says the defendant forcibly entered the plaintiff's close aforesaid on or about the first day of February, in the year of our Lord one thousand eight hundred and seventy-two, and on divers other days between that day and the first day of April, in said year, and without license, wilfully cut down and took and carried away four oak trees and one pine tree, of the property of the plaintiff, there being and standing thereon, and converted the same to his own use."

At the trial in the Superior Court, before *Dewey*, J., no claim for treble damages was made, except by the reading of the declaration, till the closing part of the argument for the plaintiff, when her counsel contended that, under the provisions of Gen. Sts. *c.* 138, § 10, she was entitled to recover treble damages for the trespasses set forth in the second and third counts.

The court directed the jury, if they found for the plaintiff, to return a verdict for single damages, and also if they found that, as to a portion of the trespasses, the defendant, without license, wilfully cut down the trees, and it did not appear that the defendant had good reason to believe the land was his own, or that he was lawfully authorized to do the acts complained of, they should find specially the amount of the damage from such trespasses.

The jury found a verdict for the plaintiff for the sum of $166.25, and found that of this sum $83.75 was single damages for wilful trespass, committed without excuse. The question whether, upon her declaration, the plaintiff could recover treble damages, under the provisions of Gen. Sts. *c.* 138, § 10, was reserved upon report for the determination of this court; if she

could do so, the verdict was to be amended, and judgment entered for $333.75 ; otherwise, judgment was to be entered for $166.25.

*S. Hoar*, for the plaintiff.

*J. S. Abbott*, for the defendant.

GRAY, C. J.　The Gen. Sts. *c.* 138, § 10, provide that if any person without license wilfully cuts down or carries away any trees on the land of another, " the owner may recover, in an action of tort, three times the amount of the damages that shall be assessed therefor, unless it appears that the defendant had good reason to believe that the land on which the trespass was committed was his own, or that he was otherwise lawfully authorized to do the acts complained of, in which case he shall be liable only for single damages."

The declaration in this case is in tort, and the second and third counts gave the defendant full notice of a cause of action which would entitle the plaintiff to treble damages under the statute, unless it should appear at the trial that the defendant had good reason to believe the land trespassed upon was the defendant's, or that he was otherwise lawfully authorized to do the acts complained of.　If that fact should appear, it would not defeat the action, but would only affect the amount of damages.　It need not therefore be negatived by the plaintiff in pleading.

The treble damages given by the statute need not be specially claimed in the declaration ; and the court might lawfully direct the jury, upon being satisfied of the facts necessary to constitute the cause of action for which the plaintiff was entitled to recover treble damages, either to assess single damages for such cause of action, leaving it to the court to treble them, or, after estimating single damages therefor, to treble them themselves.　*Clark* v. *Worthington*, 12 Pick. 571.　*Worster* v. *Canal Bridge*, 16 Pick. 541, 549.　*Pressey* v. *Wirth*, 3 Allen, 191.　The defendant has therefore no just ground of objection to the rulings and proceedings at the trial ; and, according to the terms of the report, the verdict is to be amended, and

*Judgment entered for the plaintiff for the larger sum.*