## JOHN A. ROBINSON *vs.* JOHN W. CLAPP.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A landowner who seeks to restrain an adjoining proprietor from interfering with a tree and well upon the boundary line, is not entitled to an injunction, or to any special consideration, merely because he offered to pay such sum for the adjoining premises as might be fixed by the appraisal of persons to be selected by the respective owners.

The adjoining proprietor intended to remove only so much of the tree as might be necessary in order to build his house up to the dividing line. *Held* that inasmuch as it appeared from the finding that the granting of the injunction would work a greater irreparable injury to such proprietor than the necessary cutting and consequent destruction of the tree would cause the plaintiff, the injunction was properly refused.

[Submitted on briefs April 22d—decided May 14th, 1896.]

SUIT for an injunction to restrain the defendant from cutting down a certain tree and from injuring a well, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hotchkiss, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. This case is the same as that reported in 65 Conn., 365, in which a new trial was granted. *No error.*

The case is sufficiently stated in the opinion.

*E. P. Arvine,* for the appellant (plaintiff).

*Henry G. Newton,* for the appellee (defendant).

FENN, J. This is the case of *Robinson* v. *Clapp,* 65 Conn., 365. A new trial was then granted, and the case now comes before us again upon another finding, by plaintiff's appeal.

So far as such appeal appears to be only an effort for retrial of questions already decided by this court, it is unnecessary to consider it, for we see no occasion to alter the former opinion. Nor need we repeat, but only refer to such former decision, for the facts and the law as this court held it to be upon such facts.

The present finding does not differ very essentially from the previous one; but there are two variations which should be noticed. The plaintiff claims that he was entitled to the injunction prayed for, to restrain the defendant from interfering with the tree and well in question, and the free access of light and air to the windows of the plaintiff's house, because he had offered to buy the land in controversy. The finding however states that the defendant has repeatedly offered to sell to the plaintiff; that he claimed the price asked was in excess of the true value, and adds: "I do not find that the price so asked was in excess of its true value; and I find that the plaintiff has never offered or been willing to pay the defendant the true value of said land, in any manner other than by his offer to pay a sum for which it

should be appraised by parties to be selected by the plaintiff and defendant." It seems needless to say that the defendant is under no obligation, legal or equitable, to submit to any such ordeal, and that the plaintiff has shown nothing to entitle him to consideration on this ground, even if, as we in no way mean to intimate, in case the plaintiff has proved all he claimed, it would have had any relevancy or weight.

Concerning the tree, the finding is that the defendant intends to remove so much of said tree as is necessary to build his house up to the boundary line. In *Robinson* v. *Clapp*, *supra*, p. 380, we said in reference to this matter: " The injunction should not extend further than to restrain the defendant from cutting any portion of the trunk and any further cutting of the branches or of the roots than he might lawfully have done had the trunk stood wholly upon the plaintiff's land, but reaching to the defendant's line." The defendant in fact intends to cut away half the trunk and to clear away branches and roots to the dividing line, and the court below refused to enjoin such proposed action. As bearing upon this matter the court made the following finding: " If the trunk of said tree was not touched by the defendant, but the roots and branches were cut off up to the boundary line, the tree would probably die; but if it did not die, it would, after such branches were cut, be unsightly, and of no practical value to the plaintiff. If the branches and roots of said tree were so cut off upon the defendant's side of said line, and said house was so constructed by the defendant, the entire removal of said tree would be a benefit to the plaintiff and to his property." This finding was made upon evidence the admission of which was objected to, and exception taken. We think such evidence proper to be received, and that upon the facts found the action of the court was induced from, and warranted by, what we before suggested—*Robinson* v. *Clapp*, *supra*, 380—" It might perhaps fairly be urged that to prevent the defendant from removing that portion of the trunk of the tree upon his own land, thereby depriving him of the opportunity to build upon it as desired, would be likely to produce a greater irreparable

injury to the defendant than such removal and the consequent destruction of the life of the tree would cause the plaintiff, and that therefore the equitable remedy of injunction which is not adapted finally to adjust the rights of the parties should have been refused, and the contestants left to settle such rights in methods pertaining to the legal and not the chancery jurisdiction. We are inclined to think such elements of discretion enter into the matter that we ought not to disturb the conclusion of the trial court upon it." There is nothing in the additional facts found, regarding the well and concerning light, to differentiate the present appeal in those respects from the former one.

There is no error in the judgment complained of.

In this opinion the other judges concurred.