MEHITABLE GATES *vs.* JOHNSTON LUMBER COMPANY.

Middlesex.   January 25, 1899. — January 26, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity — Remedy at Law.*

One who has sold bricks upon his own land, to be removed within a certain time, cannot maintain a bill for an injunction against the purchaser's removing them at a later date.

BILL IN EQUITY, filed May 29, 1897, alleging the following facts.

The plaintiff was the owner of a certain parcel of land in Southborough.   On July 18, 1896, there was on said parcel a quantity of bricks, the title of which was partly in one Rooke, an insolvent debtor, and in the plaintiff as mortgagee.   By her consent, the same was sold at public auction to the defendant company by the assignee of Rooke, to be removed and taken away in a fortnight's time from that date, July 18, and she notified the defendant to remove and take away the bricks within that time.   Afterwards the defendant promised so to do, and the plaintiff gave the defendant until August 31, 1896, to remove and take away the same, and refused and continued to refuse to give the defendant company permission further to enter upon the premises for any purpose whatsoever, and posted notices against all trespassers according to law.

The defendant wholly neglected to remove the bricks; and notwithstanding the plaintiff's refusal of permission to enter upon the premises to remove the same after the time set therefor and extended for that purpose as aforesaid, the defendant broke into the premises against the plaintiff's will and permission and trespassed thereon, and took and carried away therefrom certain bricks, the property of the plaintiff, and threatened to continue so to do for an indefinite period.

The prayer was for an injunction, and that the defendant be required to pay the plaintiff the value of the bricks unlawfully removed, and such other damages as were caused by the trespass

The defendant demurred, assigning as ground therefor that the plaintiff had a plain, complete, and adequate remedy at law. The Superior Court sustained the demurrer, and dismissed the bill; and the plaintiff appealed to this court.

*S. H. Dudley,* for the plaintiff.

*H. S. Fay,* for the defendant, was not called upon.

HOLMES, J. It is not alleged that the entry by the defendant for the purpose of removing its own property will do the plaintiff any harm beyond a purely technical trespass, nor that the defendant is not able to pay the plaintiff any damages which she may recover, nor that the plaintiff cannot prevent the trouble by removing the bricks from her land. She has no right to appropriate them because they were not removed within the time allowed at the sale.                                   *Decree affirmed.*