Argued March 2, affirmed March 30, 1920.

## STOTT *v.* J. AL. PATTISON LUMBER CO.

(188 Pac. 414.)

**Trespass—Treble Damages Allowable, Though not Claimed in Complaint.**

1. The court can award treble damages under Section 346, L. O. L., as amended by Laws of 1917, page 742, for cutting timber, though treble damages are not claimed in the prayer of the complaint, at least where the award of treble damages is less than the sum prayed for in the complaint.

From Multnomah: George W. Stapleton, Judge.

Department 1.

This is a suit brought to restrain defendants from
cutting and removing timber upon plaintiffs' land, and
to recover damages for the cutting and removal of tim-
ber theretofore taken. The complaint alleged the
ownership in plaintiffs of the land and timber in con-
troversy; alleged that upon the land was a grove of
fine oak trees which, from their location, made the
premises valuable as a park and that by reason thereof
the trees had a value greater than that which they
would have, if sold for the purposes of being converted
into lumber or cordwood. By appropriate allegations
the complaint charged a willful and continuing tres-
pass by defendant and alleged that defendant had will-
fully and wrongfully cut down and removed a portion
of the timber, and was engaged in cutting and removing
the remainder, to plaintiffs' damage in the sum of
$2,500, and that unless restrained defendant would
continue to cut and destroy the grove, and thereby
depreciate the value of plaintiff's property. There
was a prayer for an injunction as to further trespass,
and for $2,500 damages for timber already cut.

Defendant answered, denying plaintiffs' ownership
of the property, and alleging that it had purchased
the timber of the owners thereof for the purpose of
filling contracts made by it with certain shipbuilding
firms; admitted removing a part of the timber, and
claimed the right to remove the remainder. There
were other allegations in the answer, not material to
the matters herein, and the cause being put at issue
by a reply, the case was heard and general findings
made in favor of plaintiffs, as to the ownership of the
land and timber, and the following finding as to the
nature of the trespass:

"That on or about the 22d day of May, 1918, defendant, acting through its officers, agents and servants, and without the knowledge, consent or permission of plaintiffs, or either of them, and without lawful authority, trespassed and went upon said premises of plaintiffs and wantonly cut down and removed a large number of said oak trees so constituting said grove, and removed the greater portion of said timber so cut therefrom and converted the same to its own use. That said defendant cut a strip nearly through the center of said oak grove, thereby injuring and destroying to a large extent its usefulness as a park and shade and shelter for cattle and stock, and for ornamental purposes, and thereby depreciated the value of plaintiffs' said property and damaged plaintiffs in the sum of $400."

As conclusions of law the court found that the defendant should be restrained from further trespassing upon the premises, and that plaintiffs were entitled to a judgment for $1,200, being treble the amount of damages assessed, and a decree to that effect was entered, from which defendant appeals.     AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. Alfred P. Dobson.*

For respondents there was a brief and an oral argument by *Mr. John H. Hall.*

McBRIDE, C. J.—1. This appeal presents but one question, and that question in a single form, namely: Could the court decree treble damages under Section 346, L. O. L., as amended by Gen. Laws 1917, p. 742, where such treble damages were not claimed in the prayer of the complaint? The section referred to provides as follows:

"Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, or on the street or highway in front of any person's house, village, town or city lot, or cultivated grounds, or on the commons or public grounds of any village, town or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city, against the person committing such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed therefor, as the case may be; provided, that in any such action, upon plaintiff's proof of his ownership of the premises and the commission by the defendant of any of the aforementioned acts, it shall be *prima facie* evidence that such acts were done and committed by defendant wilfully, intentionally and without plaintiff's consent."

This matter has never been passed upon in this court. Defendant cites but one case in support of its contention: *Neff* v. *Pennoyer*, 3 Sawy. 498 (Fed. Cas. No. 10,085), in which Judge Deady remarks:

"To entitle the plaintiff to recover treble damages, judgment therefor must be demanded in the complaint so that defendant may be apprised of the claim and the facts stated must bring the case within the statute."

It is evident from a perusal of that opinion that the remark was casual. Counsel for plaintiffs expressly disclaimed any intention to ask for treble damages. Of the cases cited as sustaining the rule announced, *Chipman* v. *Emeric*, 5 Cal. 239, and *Mooers* v. *Allen*, 2 Wend. (N. Y.) 247, seem to support the *dictum* of the court.

These are old cases and the statutes under which they occurred are not before us, but it would seem sufficient under our statute to state the facts necessary to authorize a recovery for treble damages. The

statute seems to negative the theory that treble damages should be affirmatively claimed in the complaint. It reads, "Judgment shall be given for treble the amount of damages *claimed* or *assessed.*" Here the complaint alleges every fact necessary for a recovery of treble damages, except that it does not refer to the particular section authorizing the assessment. In the infancy of code procedure, courts were exceedingly jealous of innovations upon the common law, and required a much stricter rule of pleading than now prevails, where a large portion of our remedies are statutory.

The damages awarded were less than the sum prayed for in the complaint; what would be the result, had they been greater, it is needless to discuss here. The later cases seem to hold that, if the complaint sets forth the facts authorizing treble damages, a reference to the statute or a distinct claim for such damages is unnecessary.

*Black* v. *Mace,* 66 Me. 48, is substantially parallel to the case at bar. In that case it was held that a statute similar to ours was remedial, and not penal, and that it was not necessary to plead the statute or claim treble damages as such.

To the same effect is *Snelling* v. *Garfield,* 114 Mass. 443, and cases there cited. The Massachusetts statute is almost identical with our own, and the case referred to is exactly in point.

The decree of the Circuit Court is affirmed.

                                          AFFIRMED.


BURNETT, BENSON and HARRIS, JJ., concur.