FRANCES LEVINE *vs.* IDA BLACK & another.

Hampden.   September 17, 1942. — October 27, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice*, Injunction.   *Tree.   Real Property*, Tree.

A permanent injunction against the defendant's cutting down a large
tree standing on the boundary line between the plaintiff's and the
defendant's lands was properly refused as affording the plaintiff no
genuine relief where, before commencement of the suit, cutting by
the defendant had reduced the tree to a trunk and two limbs, with
no other branches nor foliage, and had made it of no benefit to the
plaintiff.

BILL IN EQUITY, filed in the Superior Court on July 3,
1941.

After confirmation of a master's report, a final decree
dismissing the bill was entered by order of *Hammond*, J.
The plaintiff appealed from the final decree.

The case was submitted on briefs.

*L. C. Henin*, for the plaintiff.

*L. J. Gordon*, for the defendants.

QUA, J.   The only question to be decided on this appeal
is whether the plaintiff is entitled to a permanent injunction
to restrain the defendants from cutting down a tree that
stands upon the boundary line between the adjoining
premises of the parties.   Both premises are located on the
westerly side of Dwight Street in Springfield.

Pertinent findings of the master are these:   Dwight
Street is generally commercial in character.   The defend-
ants' property is used as a filling station and for the repair
and painting of automobiles.   On the plaintiff's property,
which is north of that of the defendants, there is a two-
tenement house near the boundary, and north of that, still
on the plaintiff's land, is a building containing a variety of
shops.   The tree has a diameter of at least two and one
half feet.   The boundary line runs approximately through

its center. It stands not over two feet from the southerly wall of the plaintiff's two-tenement house. Before it was "tampered with" as hereinafter stated it was from fifty to sixty feet high and in "a reasonably healthy condition." The defendants, desiring to build a new repair shop extending to the northerly boundary of their land, and finding the tree in their way, began to cut it down without the consent of the plaintiff, intending to remove the entire tree. They cut and carried away branches and limbs, some of which extended over the two-tenement house of the plaintiff. Upon remonstrance being made, the defendants ceased work and thereafter were restrained by the court from continuing. The trunk of the tree is still standing, but the upper part has been reduced to two "limbs" the highest point of which is about forty feet from the ground, "and there is an entire absence of branches and foliage." On the south side of the trunk there is a large scar resulting from the removal of the bark by chopping it with an axe.

Where the trunk of a tree stands wholly on the land of one proprietor, he has been deemed the owner of the entire tree, *Lyman* v. *Hale*, 11 Conn. 177, *Hoffman* v. *Armstrong*, 48 N. Y. 201, *Skinner* v. *Wilder*, 38 Vt. 115, *Holder* v. *Coates*, M. & M. 112, though there is no doubt of the right of the adjoining proprietor to cut off limbs and roots which invade his premises. *Michalson* v. *Nutting*, 275 Mass. 232, 234. *Lemmon* v. *Webb*, [1895] A. C. 1. But where, as in the present case, the trunk stands across the boundary line more difficult questions arise. It has generally been said that under these circumstances both parties own the whole tree as tenants in common. *Blalock* v. *Atwood*, 154 Ky. 394, 399. *Luke* v. *Scott*, 98 Ind. App. 15. *Musch* v. *Burkhart*, 83 Iowa, 301. *Lennon* v. *Terrall*, 260 Mich. 100. *Griffin* v. *Bixby*, 12 N. H. 454. *Dubois* v. *Beaver*, 25 N. Y. 123. *Robins* v. *Roberts*, 80 Utah, 409. In other cases, in an attempt at a more exact application of the ordinary principles of real estate law, it has been held that each party has title to only that part of the tree on his side of the line but has a right to prevent his neighbor from so dealing with his part as unreasonably to injure or destroy the whole.

*Robinson* v. *Clapp*, 65 Conn. 365; *S. C.* 67 Conn. 538. *Weisel* v. *Hobbs*, 138 Neb. 656. *Relyea* v. *Beaver*, 34 Barb. S. C. 547. Even under the latter view it is difficult to see why either owner should have any less right to cut off branches and roots than he would have if the trunk stood entirely upon the other's land.

But the decision of the present case does not call for further speculation in this field. Nor need we determine whether in a case of this kind the value of a tree to one owner is to be weighed against the detriment to the other owner of being unable to use all of his land for building purposes. See *Robinson* v. *Clapp, supra.* It is a principle of wide application that relief by injunction will not be granted where the granting of it would be but a futile gesture and would serve no useful purpose in protecting any substantial right or interest of the party applying for it. *Atkins* v. *Chilson*, 7 Met. 398, 404–407. *Owen* v. *Field*, 12 Allen, 457. *Gates* v. *Johnston Lumber Co.* 172 Mass. 495. *Downing* v. *Elliott*, 182 Mass. 28. *Smith* v. *New England Aircraft Co. Inc.* 270 Mass. 511, 526, 531. *Amory* v. *Assessors of Boston*, 310 Mass. 199, 201. Before this suit was brought the tree had been reduced to a condition in which it could be of no benefit to the plaintiff from the viewpoint either of beauty or of utility. It was and still is a bare skeleton consisting of a trunk and two limbs, with no other branches or foliage whatever. There is nothing to show that the lapse of any reasonable period of time will restore it to attractiveness or value. Its removal would now appear to be advantageous to both parties and harmful to neither. There is nothing to indicate that if not enjoined the defendants will inflict any actual damage upon the plaintiff's property. To deny a permanent injunction under these circumstances is not to condone or reward a trespass. It is merely, in dealing solely with the question of injunctive relief, to take a practical view of an existing situation for which an injunction can afford no genuine remedy.

*Decree affirmed without costs of this appeal.*