*Northern District*

No. 4656

## JOSEPH J. CASTANINO et al

v.

## CHARLES CATE

(November 12, 1953)

*Cavan, J.* In this action of tort, the plaintiffs seek to recover damages for the cutting down and removal of a tree which stood partly on their land and partly on land of the defendant. The answer is a general denial.

The parties own adjoining lots of land on the north side of Highland Street, in Waltham, Massachusetts, which they had purchased from the same grantor on or about March 29, 1950.

A summary of the trial judge's finding of facts, is as follows:

To provide a driveway eight feet in width for the benefit of the owners of said lots, the grantor reserved for that purpose, in each of the deeds, a right of way over a strip of land four feet in width from the common boundary line and running from the street to the northerly line of said lots. In the northerly portion of each lot was a two-car garage, which faced the rear of the house thereon. The defendant changed the position of his garage by moving it further back on his lot and by placing it in such a manner that it faced the said driveway.

An American elm tree, fifty to sixty feet tall, twenty-eight to thirty inches in diameter two and one-half feet above ground level and in good condition, stood in about the center of the driveway, twenty feet more or less from the northerly point of said common boundary line. Over two-thirds of

its trunk was on the defendant's land. In the new location of the defendant's garage, this tree was a substantial obstruction to the use of the driveway by the defendant. Acting over the protest of the plaintiffs, the defendant cut down and removed the tree.

The judge found for the defendant, after having denied the following plaintiffs' requests for rulings:

> "2. A tree located partially on land of the Plaintiffs and partially on land of the Defendant cannot be cut down by either party, without the consent of the other."
>
> "4. On all the evidence, the Defendant did wilfully and wrongfully cut down the tree of the Plaintiffs."
>
> "7. On all the evidence, the fair value of the tree so cut down by the Defendant was One Thousand ($1000.) dollars."
>
> "8. On all the evidence, the plaintiffs have suffered waste of their property within the meaning of G. L. c. 242, § 7. 'A person who without license wilfully cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another shall be liable to the owner in tort for three times the amount of damages assessed therefor; but if it is found that the Defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only."
>
> "9. The treble damages given by the statute need not be spcially claimed in the Declaration. *Snelling v. Garfield*, 114 Mass. 443. Under all the evidence and G. L. c. 242, § 7, Plaintiffs are entitled to treble damages."

The plaintiffs claim to be aggrieved by the denial of these requests for rulings.

In denying the plaintiffs' second request for ruling, the judge stated that it was inapplicable to the facts as found by him. The statement contained in the request does not conform with the evidence and facts found by the judge in that it omits mention of the defendant's right of way over that part of the plaintiffs' land on which said tree partially stood. The plaintiffs persisted in such omission in their other requests which were denied.

Chief Justice Qua, in *Levine v. Black*, 312 Mass. 242, 243, discusses the rights of adjoining owners in trees that grow on their mutual boundary line in the following language: "Where the trunk of a tree

stands wholly on the land of one proprietor, he has been deemed the owner of the entire tree though there is no doubt of the right of the adjoining proprietor to cut off the limbs and roots which invade his premises. But where . . . the trunk stands across the boundary line . . . both parties own the whole tree as tenants in common. In other cases . . . each party has title to only that part of the tree on his side of the line but has a right to prevent his neighbor from so dealing with his part as unreasonably to injure or destroy the whole. Even under the latter view it is difficult to see why either owner should have any less right to cut off the branches and roots than he would have if the trunk stood entirely upon the other's land."

From the above, it is to be inferred that even were there no factor of easement in the case, the court was not necessarily in accord with decisions under which neither owner could damage a tree growing on the boundary line.

The factor of the easement as we have it in the case before us, presents a new and important aspect of the case for "when an easement or other property right is created, every right necessary for its enjoyment is included by implication." *Sullivan v. Donohue,* 287 Mass. 265, 267.

The report of the evidence as to reservation, in both deeds, of land to form a driveway, makes no mention of the tree nor of the locations of the buildings on either lot. The judge found that in the new location of the defendant's garage, the tree was a substantial obstruction to the use of the driveway by the defendant.

The cutting down and removal of this tree, which stood within the width of the driveway, making the driveway impassable and useless to the defendant, was the exercise of an implied right by the defendant. *Guillet v. Libernois,* 297 Mass. 337, 340.

There was no error in the denial of the plaintiffs' requests for rulings, as they were immaterial because of the defendant's right of way over land of the

plaintiffs, upon which the tree partially stood.

The report is to be dismissed.

Arthur S. Scipione, for the plaintiff.

James F. Lawton, for the defendant.