Haggerty, J.
This motion arises out of a second amended complaint filed by the plaintiff, Rosemary Macero, (“Macero”) against defendants Busconi Corp. (“Busconi”), Michelle and Florence King (“Kings”), Leonardo and Vincenza Catalanotto (“Catalanotto”) and Diane Curry (“Curiy”). The incident which gives rise to this complaint involves a tree located on the plaintiffs property. The plaintiff asserts that the defendants caused the cutting down and destruction of parts of the tree without her permission. She seeks equitable relief only, asking that the Court permanently enjoin Curry and the Catalanottos from any cutting of any trees belonging to Macero (Count V). In addition, Macero seeks a declaratory judgment against defendant Curry with respect to her rights to trim the tree (Count VI).
Defendants Catalanotto and Curry now move for summary judgment asserting that: 1) as a matter of law Curry is allowed to cut down parts of the tree that overhang her property and; 2) defendants Catalanotto are both deceased and therefore are improperly named in this lawsuit. For the following reasons defendants’ motion for summary judgment on Counts V and VI of the complaint is ALLOWED.
BACKGROUND
The dispute in issue in this action arose when the defendant King hired Busconi to perform tree cutting on a tree owned by the plaintiff. The Kings assert that the tree branches from the plaintiffs tree were overhanging in their yard and they hired Busconi to trim the overhanging branches. After Busconi completed the work for the Kings, Curry spoke to Busconi about cutting some branches from another tree on the plaintiffs property that were overhanging in her yard. The Busconi employee then went to Curry’s yard. At this point, the plaintiff came out of her house and asked Curry what she was doing. Curry told Macero that she wanted to trim some of the overhanging branches. Macero told Curry that she would not allow that to happen and went away and called the police. Two police officers went to Curry’s house and informed Curiy that Macero was going to get a restraining order and that Curry could not touch the tree. To date, Curry asserts that she has not touched the tree and did not hire and has not hired Busconi or anyone else to perform any cutting on the tree.
The Catalanottos are Curry’s deceased parents and record owners of the house in which Curry resides. Mr. Catalanotto died in 1969. Mrs. Catalanotto died in 1996. Curry and her sister, however are the heirs to her late parent’s home. Curry admits that her parents’ estate was never probated.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time Inc. 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.
A. Declaratory Judgment
Massachusetts law recognizes a right of self-help by which a property owner can cut the limbs or branches of a tree that invade his property as long as such cutting is done at the property line. “A neighbor has the right to remove so much of the tree as overhangs *522 his property. ” Ponte v. DaSilva, 388 Mass. 1008 (1983). “The neighbor . . . is .. . not without remedy. His right to cut off the intruding boughs and roots is well recognized." Michalson v. Nutting, 275 Mass. 233-34 (1931). This court finds that this right to self-help is not confined to those parties who can show that their property was sufficiently damaged to justify their right to exercise self-help. The remedy is open to any party whose property is invaded by intruding boughs and roots. See Id.
Therefore, pursuant to G.L.c. 231A, this court declares, as a matter of law, that Curry has the right to trim limbs and branches up to the boundary line of her and the plaintiffs property, providing that such cutting is done solely on Curry’s property.
B. The Catalanottos
Both the Catalanottos died before the tree cutting incident took place. Therefore, as individuals they cannot be enjoined from cutting any trees in the future because they are deceased and cannot form the intent to trespass. Their estate, however, could be enjoined from the future cutting of any trees, if in fact, this was the law. As detailed above, however, Massachusetts law states that a neighbor is allowed to cut overhanging branches that invade his or her property. “(T]here is no doubt of the right of the adjoining proprietor to cut off limbs and roots which invade his premises.” Levine v. Black, 312 Mass. 242, 243 (1942). Notwithstanding the legal ownership of the property, the overhanging branches of the plaintiffs tree can be cut to the property line by the abutter.
ORDER
For the foregoing reasons, this court hereby DECLARES that defendants Curry and Catalanottos have a right under the law to cut the overhanging branches of the plaintiffs tree to the property line, provided that the cutting is done solely on the defendants’ property. This court farther ORDERS that defendant Curry and Catalanotto’s motion for summary judgment on Counts V and VI of the second amended complaint is ALLOWED.