## WILLIAM G. BLISS *vs.* WILLIAM BALL.

Possession and occupation for more than twenty years of land bounding on a public way is presumptive evidence of title to the middle of the way, subject to the public easement.

Evidence that shade trees have been suffered to stand more than twenty years where they were planted in a public way raises a presumption that they were planted under lawful authority.

Only the mayor and aldermen or selectmen have authority to cause shade trees lawfully standing in a public way to be removed against the will of the person whose private property they are to be taken to be under the Gen. Sts. c. 46, § 6; and one who assumes, without such authority, to remove or destroy such trees, on the ground that they are a public nuisance, is liable in damages to such person.

In an action for destroying the plaintiff's shade trees, it is no ground of defence or mitigation of damages that they rendered the defendant's house damp and unhealthy.

TORT, with a count in the nature of trespass *quare clausum fregit,* for girdling four maple trees in the plaintiff's close.

At the trial in the superior court, before *Devens,* J., it appeared that the plaintiff's close was situated on the corner of Springfield and Howard Streets in Chicopee, and separated by a fence from the sidewalk on both streets; and that the trees which the defendant girdled were situated five feet outside of the fence and within the limits of Howard Street. The plaintiff offered no evidence of title other than possession for more than twenty years; and testified that he had never occupied beyond the fence, but planted the trees more than twenty years before, and had trimmed them occasionally.

" There was no evidence of the value of the trees, but only of the injury to the plaintiff's premises. The defendant asked the judge to instruct the jury that there was no evidence of title in the land where the trees were situated, and that the plaintiff

could not recover under the count for breach of the plaintiff's close ; but the judge ruled to the contrary.

" As bearing on the question of damages, the defendant offered to show that the trees were a public nuisance, by reason of their close standing, causing dampness and unhealthiness to the public ; and were liable to be removed by the public authorities for that reason ; but the judge excluded the testimony, the defendant not claiming to have cut the trees by any public authority. The defendant also offered to show that the trees by their shade made the defendant's house damp and unhealthy ; but the judge excluded the testimony."

The jury found for the plaintiff in damages of $400 ; and the defendant alleged exceptions.

*M. P. Knowlton*, for the defendant.

*H. Morris*, for the plaintiff.

CHAPMAN, C. J. The plaintiff's occupation furnished presunptive evidence of title to the middle of the street, subject to the public easement. *Boston* v. *Richardson*, 13 Allen, 152, 153. *White* v. *Godfrey*, 97 Mass. 472. The trees therefore appeared to be on his land. He planted them there more than twenty years ago ; and, as the selectmen have permitted them to remain, it must be presumed that they authorized him to plant them. If the defendant thought they were a nuisance to the public, he might have complained to the selectmen, pursuant to the Gen. Sts. *c.* 46, § 6 ; and it was for them to decide the question whether they should be removed. The defendant had no authority to remove them ; nor were the jury authorized to decide the question whether they ought to remain.

The defendant offered to show that the trees, by their shade, made his house damp and unhealthy. But he did not offer to show that their branches overhung his land, or extended beyond the line of the plaintiff's land. As against adjoining proprietors, the owner of a lot may plant shade trees upon it, or cover it with a thick forest, and the injury done to them by the mere shade of the trees is *dammum absque injuriâ.* It is no violation of their rights. The evidence on this point was properly rejected.                          *Exceptions overruled.*