J. B. TANNER, Respondent, v. H. WALLBRUNN, Appellant.

Kansas City Court of Appeals, December 5, 1898.

1. **Injunction**: OVERHANGING TREE BOUGHS: PRESSING NECESSITY. Trees whose branches overhang the land of another are not nuisances except to the extent which the branches overhang the adjoining land.  The landowner may cut off such overhanging branches, but he is not entitled to a mandatory injunction to remove the trees, since such equity power can be successfully invoked only in a strong and mischievous case of pressing necessity.

2. ——: TRESPASSING ROOTS OF TREES: SUBSTANTIAL DAMAGE. Equity will not interfere where the injury or private nuisance is merely nominal or uncertain. There must be satisfactory proof of real substantial damage; therefore, a mandatory injunction will not lie to remove a tree on the ground that the roots extend into the plaintiff's soil without, at least, real injury is shown.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

E. R. SHEETZ and FRANK SHEETZ for appellant.

(1) Injunction will not lie. Wilton v. Martin, 7 Mo. 310; Hayden v. Tucker, 37 Mo. 214; McDonough v. Robbens, 60 Mo. App. 159; 1 High on Injunctions, sec. 743; 2 Wood on Nuisance, sec. 797; Kerr on Injunctions [2 Ed.], and cases cited, pp. 165 and 187; Grandena v. Lovdal, 12 Am. St. Rep. 121; Robinson v. Clapp, 52 Am. St. Rep. 298; Musch v. Burkhart, 48 N. W. Rep. 1024; Robinson v. Clapp, 32 N. E. Rep. 939; Railroad v. Loop, 39 Am. Rep. 307. (2) Petition states no cause of action. McDonough v. Robbens, 60 Mo. App. 159; McKinzie v. Mathews, 59 Mo. 99. The decree is too indefinite. Robinson v. Clapp, 32 N. E. Rep. 940. (4) The facts show no ground for injunction.

J. E. WAIT and JOHNSON for respondent.

(1) Injunction will lie. R. S. 1889, sec. 5510, construed; Jones v. Williams, 139 Mo. 37, and authorities cited; Silver v. Railroad, 101 Mo. 91; Schoop v. St. Louis, 117 Mo. 131; Whipple v. McIntire, 69 Mo. 397; Frost v. Phosphate Co., 26 L. R. A. 694, and authorities cited; Yonkers v. Copcut, 23 L. R. A. 487; Harber v. Evans, 101 Mo. 661; Bishop on Non-Contract

Law, secs. 417-428. Where a mandatory injunction will lie for plaintiff. Harrington v. McCarthy, 61 Am. St. 298. (2) The fact that anything exists where it was not a nuisance, but becomes so by reason of an extension of a city, is no reason why it should not be abated. 2 Blackstone's Com., ch. 13, p. 218; McLain v. New Castle, 6 L. R. A. 738; Ahern v. Steele, 12 Am. St. 778. (3) A landlord is liable for a continuance of a nuisance if erected by another, if continued by him. Lee v. McLaughlin, 26 L. R. A. 197 and note; Gilliland v. Railroad, 19 Mo. App. 411; Padberry v. Kennedy, 16 Mo. App. 556. Equity having obtained jurisdiction by injunction will allow all damages for nuisance. Price v. Oakfield, 24 L. R. A. 333, and authorities cited. (4) All nuisances are trespasses. Harber v. Evans, 101 Mo. 660, 667. Don't need to have special damages. Spencer v. Railroad, 120 Mo. 559; Hawk v. Railroad, 94 Mo. 261. In this state no demand is necessary. Silver v. Railroad, 101 Mo. 79, 91, and authorities there cited. The court below should have given us the full damages. Emery v. Powder Co., 53 Am. Rep. 730. Even the first occupant acquires no right of an adjoining proprietor nor to use his own land to the injury of his neighbor. Platt v. Johnson, 8 Am. Dec. 233; Thurston v. Hancock, 12 Mass. 220; Campbell v. Seamen, 63 N. Y. 558. There is no limitation in this case nor laches. High on Injunction, sec. 786. (5) Equity will enjoin a threatened injury. Fay v. Prentice, 1 C. B. 828; Wilmoth v. Woodcork, 58 Mich. 482; Copper v. Doloin, 68 Iowa, 757; Bishop, Non-Contract Law, sec. 417. No man can ameliorate the condition of his own land to another's injury. Hosher v. Railroad, 60 Mo. 330; Spencer v. Railroad, 128 Mo. 159; Hawk v. Railroad, 94 Mo. 261.

GILL, J.—Plaintiff and defendant own adjoining lots in Chillicothe. The lots front west—that of the plaintiff being south of the defendant's. On defendant's lot there is a dwelling house, on the south side of which and near by his diningroom which it shaded defendant had planted and grown a maple tree. Several years after the tree was planted plaintiff erected a brick store building on his lot so near that its north wall stood within three inches of the division line, and about three and a half feet from the trunk of defendant's maple tree.

Plaintiff brought this suit, in the nature of a mandatory injunction, to require defendant to remove the tree—claiming that it was a nuisance and damaging to his, plaintiff's, property. That it had grown so that the branches thereof overlapped the plaintiff's building and in every wind these limbs swept bricks from the flue tops of plaintiff's building and produced holes in the roof, letting water into the building injuring his (plaintiff's) stock of saddlery and harness. And further that the roots of the tree pass under the foundation walls of plaintiff's building, thereby causing damage, etc.

At a hearing before the circuit court plaintiff had judgment and defendant appealed.

In our opinion this judgment ought not to stand. The extraordinary relief awarded in this case should not be granted except where the right thereto is clear and the necessity therefor imperative. Such relief will not ordinarily be given, either, when other legal remedies are open to the complaining party. While it is true that my neighbor has no technical right to overhang my soil with the branches of his trees, yet if he do so I have no right to cut his tree down and destroy

<div style="margin">INJUNCTION:
overhanging tree
boughs: pressing
necessity.</div>

it entirely. I may, however, clip off the overhanging branches, but only to the extent of such overhanging. As said in Wood on Nuisances [2 Ed.], sec. 108: "Trees whose branches extend over the land of another are not nuisances *except* to the extent to which the branches overhang the adjoining land. To that extent they are *technical* nuisances, and the person over whose land they extend may cut them off, or have his action for damages, if any have been sustained therefrom, and an abatement of the nuisance against the owner or occupant of the land on which they grow, *but he may not cut down the tree,* neither can he cut the branches thereof beyond the extent to which they overhang his soil." See, also, Washb. on E. & S. [3 Ed.], p. 709. Countryman v. Lighthill, 24 Hun. 405, and authorities there cited.

The judgment in the case at bar commands not only the destruction of the overhanging branches, but would destroy the tree itself. This clearly is erroneous. At most the plaintiff could only have been entitled to cut away these branches and to the extent only that they may have overhung his property. And this cutting away may have been done without calling in aid the extraordinary writ of injunction. Before this equity power can be successfully invoked there should be "a strong and mischievous case of pressing necessity." Washb. on E. & S. [3 Ed.] 701; 1 High on Injunctions [3 Ed.], sec. 740. From the evidence it appears that about the date of the institution of this suit (whether before or after is not clear) defendant did cut away the branches of the tree to the extent that they overhung plaintiff's building, and thereby plaintiff got all that he was entitled to. But even had defendant refused to cut off such overreaching limbs plaintiff had the undoubted legal right, himself, so to do. And, having this right, it was his duty to avail

himself thereof before resorting to this extraordinary remedy.

As to the extension of the roots from defendant's tree into the soil of plaintiff's lot, the evidence fails to show that any substantial damages were thereby committed. There is no basement under plaintiff's house; it rests on a stone foundation beginning down three feet below the surface, and the roots complained of have grown beneath this. It is difficult to understand how this did or could damage the foundation wall or the building resting thereon—and indeed the evidence fails to show that any damage did result therefrom. Equity will not interfere where the injury from a private nuisance is merely nominal or uncertain; there must be satisfactory proof of real substantial damage. 1 High on Injunctions [3 Ed.], sec. 740; Countryman v. Lighthill, *supra*. In the case last cited an action at law for damages was denied on facts similar to these, and on the ground, too, that no real injury was shown to result from the overhanging branches of the tree. Much more then should the rule apply in a suit of this character.

For the reasons given the judgment below will be reversed. All concur.

*[margin note: —: trespassing roots of trees: substantial damage.]*