M. J. HARNDON, Appellant, v. H. M. STULTZ, Appellee.

Injunction: REMOVAL OF LINE HEDGES. A suit in injunction will not lie to compel an adjoining landowner to dig out and destroy a division hedge, on the ground that it has become a nuisance, as the same is common property which neither can destroy without the consent of the other.

*Appeal from Story District Court.*— HON. GEORGE W. DYER, Judge.

TUESDAY, JULY 12, 1904.

THE opinion states the case.— *Affirmed.*

*J. F. Martin,* for appellant.

*E. H. Addison,* for appellee.

WEAVER, J.— The record in this case is brief, but not

entirely clear.   As we interpret it, the plaintiff is the owner
of a forty-acre tract of land, and her husband is the owner of
the adjoining forty acres to the eastward; both tracts being
used and occupied as one farm.   The defendant owns the
quarter section which bounds both of these forties on the
south.   Many years ago — probably before the quarter sec-
tion now owned by defendant was improved — plaintiff or
her husband planted a willow hedge along the entire south
line of her forty acres.   Later the defendant or her grantor,
having purchased the quarter section, extended the hedge
eastward along the entire south line of the forty acres owned
by plaintiff's husband.   It is claimed by plaintiff that, by a
subsequent agreement between the parties, the defendant un-
dertook to keep up the west eighty rods of the half mile of
hedge as a line fence, while plaintiff or her husband assumed
like responsibility as to the east eighty rods.   This claim is
disputed, but we think it immaterial which contention is cor-
rect.   It further appears that, some years since, plaintiff's
husband dug up or destroyed the east half of the hedge, sub-
stituting therefor an ordinary fence, and has since requested
or demanded that defendant remove the west half.   She now
brings this action in equity to enjoin the maintenance of the
hedge, and to compel its removal, on the alleged ground that
the roots of the trees spreading through the soil, and the
shade cast by the branches above, operate to render a con-
siderable portion of her land unproductive, and thus ma-
terially to depreciate the value of its use.   As will be noticed,
the suit is not brought upon plaintiff's right to have the hedge
trimmed or cut back (Code, section 2355), but she demands
its entire removal, as a nuisance.   As alternative relief, she
asks that, if defendant be found to be under no obligation to
remove the hedge, she may herself be allowed to remove it at
her own expense.   The defendant denies plaintiff's right to
the relief demanded, and disclaims all interest in the hedge.
The trial court dismissed the petition, and plaintiff appeals.

We find no law upon which this action can be sustained.

The plaintiff herself set out the hedge which she now characterizes as a nuisance, and even if, as she claims, the care and maintenance of such hedge were afterward assumed by defendant or by defendant's grantor, there is nothing in the statute upon the subject of line fences which makes it defendant's duty to dig out and destroy the hedge simply because in the progress of time the plaintiff finds or believes the roots and the shade of the growing trees to injuriously affect the productiveness of the adjacent land. The raising of trees is a legitimate use to which the owner may put his land. If the limbs of such trees overhang the land of a neighbor, he may cut them off at the line, and, if the roots penetrate the neighbor's soil, he may dig them out, but that is the extent to which he may carry his objection. *Hoffman v. Armstrong,* 48 N. Y. 201 (8 Am. Rep. 537); *Dubois v. Beaver,* 25 N. Y. 123 (82 Am. Dec. 326); *Lyman v. Hale,* 11 Conn. 177 (27 Am. Dec. 728); *Skinner v. Wilder,* 38 Vt. 115 (88 Am. Dec. 645). " Line trees " — trees standing directly on the boundary between lands of adjoining owners — are usually considered common property, which neither may destroy without the consent of the other. *Musch v. Burkhart,* 83 Iowa, 301. In the cited case we held that injunction would issue upon the complaint of a landowner against the adjoining proprietor to prevent the destruction of a line hedge under circumstances much like those in the case at bar. In other words, under the rule there approved, if defendant were undertaking to destroy the hedge without plaintiff's consent, a writ would issue, upon demand of the latter, to prevent the spoliation; and, if this be true, then surely a mandatory writ will not lie to compel it. The decree of the district court was therefore right. In view, however, of the disclaimer made by appellee in argument, and her expressed willingness that appellant may remove the hedge if she so desires, we are disposed to hold that, if appellant so elect, she may have a modification of said decree, allowing her to remove the hedge at her own expense and cost at any time within ninety days

from the filing of this opinion; said work to be done without unnecessary injury to defendant's land. The costs of the appeal will be taxed to the appellant.

As thus modified, the decree appealed from is AFFIRMED.