CHARLES MICHALSON & another *vs.* ARCHER I. NUTTING & another.

Worcester.    January 19, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Shade Tree. Nuisance. Equity Jurisdiction,* To enjoin encroachment of shade tree.

A suit in equity cannot be maintained by a landowner to restrain the owner of adjoining land from allowing the roots of a tree on the defendant's land to penetrate the plaintiff's land and there to cause damage by entering and clogging his sewer and by extending to the cement foundation wall of his house and causing it to move slightly; nor to compel the defendant to remove the roots: no actionable nuisance is shown in such circumstances.

It *was stated* that the remedy of the plaintiff in the suit in equity above described was his right to cut off the encroaching roots.

BILL IN EQUITY, filed in the Superior Court on April 22, 1930, and afterwards amended, described in the opinion.

The suit was heard by *Whiting*, J. Material facts found by the judge are stated in the opinion. By his order, a decree was entered dismissing the bill. The plaintiffs appealed.

*W. E. Mellquist*, for the plaintiffs.

*W. L. MacIntosh*, for the defendants.

WAIT, J.    The plaintiffs brought this bill in equity alleging that roots from a poplar tree growing upon the land of the defendants had penetrated the plaintiffs' land and had filled up sewer and drain pipes there, causing expense in digging them up and clearing them, and also had grown under the cement cellar of the plaintiffs' house, causing the cement to crack and crumble and threatening seriously to injure the foundation of the dwelling. They sought a mandatory injunction compelling the removal of the roots, a permanent injunction restraining the defendants from allowing the roots to encroach on the plaintiffs' land, and damages. The trial judge found that, as alleged, roots had

extended from a poplar tree set out on the land of the defendants into the plaintiffs' land; had entered and clogged the sewer so that several times the plaintiffs had been compelled to dig up the pipes and remove the roots at an expense for the last cleaning of $42.28; had extended under ground to the cement foundation wall of their house and had caused it to move slightly but as yet without serious harm; that, at the time of the first clogging of the sewer, notice had been given defendants and request made that the roots be removed but that they had refused and refrained from so doing. He ruled that upon the facts admitted and found to be true there was no liability on the part of the defendants for the clogging of the sewer and the moving of the wall by the roots of the tree the trunk of which stood on the defendants' land, and he ordered a decree dismissing the bill with costs. The case is before us upon the plaintiffs' appeal from a final decree entered in accord with that order.

There is no error. The law of Massachusetts was stated in *Bliss* v. *Ball*, 99 Mass. 597, 598, by Chapman, C.J., to be "As against adjoining proprietors, the owner of a lot may plant shade trees upon it, or cover it with a thick forest, and the injury done to them by the mere shade of the trees is *damnum absque injuria*. It is no violation of their rights." We see no distinction in principle between damage done by shade, and damage caused by overhanging branches or invading roots. The principle involved is that an owner of land is at liberty to use his land, and all of it, to grow trees. Their growth naturally and reasonably will be accompanied by the extension of boughs and the penetration of roots over and into adjoining property of others. As was said in *Countryman* v. *Lighthill*, 24 Hun. 405, 407: "it would be intolerable to give an action in the case of an innoxious tree whenever its growing branches extend so far as to pass beyond the boundary line and overhang a neighbor's soil." It would be equally intolerable where roots penetrate the neighbor's soil.

The neighbor, though without right of appeal to the courts if harm results to him, is, nevertheless, not without

remedy.  His right to cut off the intruding boughs and roots is well recognized.  *Bliss* v. *Ball, supra.  Harndon* v. *Stultz,* 124 Iowa, 440.  *Robinson* v. *Clapp,* 65 Conn. 365. *Countryman* v. *Lighthill, supra.  Hickey* v. *Michigan Central Railroad,* 96 Mich. 498.  *Tanner* v. *Wallbrunn,* 77 Mo. App. 262.  *Lemmon* v. *Webb,* [1895] A. C. 1.  See *Skinner* v. *Wilder,* 38 Vt. 115.  His remedy is in his own hands.  The common sense of the common law has recognized that it is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's right to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious.

The cases where resort to the courts has been attempted are few.  The result we have reached is supported by the decisions in *Harndon* v. *Stultz, supra, Grandona* v. *Lovdal,* 70 Cal. 161, *S. C.* 78 Cal. 611, and the reasoning in *Gulf, Colorado & Santa Fe Railway* v. *Oakes,* 94 Texas, 155, *Crowhurst* v. *Burial Board of Amersham,* 4 Ex. D. 5, *Giles* v. *Walker,* 24 Q. B. D. 656.  We are unable to agree with *Ackerman* v. *Ellis,* 81 N. J. Law, 1, *Buckingham* v. *Elliott,* 62 Miss. 296, *Brock* v. *Connecticut & Passumpsic Rivers Railroad,* 35 Vt. 373.  The majority opinion in *Gostina* v. *Ryland,* 116 Wash. 228, *contra,* is based, apparently, on a State statute.  See 1 C. J. page 1233 for a collection of the cases.  In this Commonwealth, there was no actionable nuisance and no right of recourse to equity.

*Decree affirmed.*