# Richmond

MILTON SMITH AND MRS. ETTA SMITH v. ROBERT L. HOLT.

November 20, 1939.

Record No. 2105.

Present, All the Justices.

*William Old,* for the appellants.

*E. D. Lucas,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

Robert L. Holt filed his bill in equity against Milton Smith and Etta Smith, in which he states that he is seized and possessed of a tract of land situate on Johnson street, in the town of Matoaca, Virginia, together with the improvements thereon consisting of a dwelling house, shrubbery, trees, etc.; that the respondents, mother and son, are now, and for a number of years have been the owners of a lot or tract of land adjoining the land of complainant; that a number of years ago, respondents planted on their land, approximately one foot from the division line, a privet hedge, which in the course of years has grown to a height of eight or ten feet; that the roots, branches and shoots from said hedge have invaded complainant's land, thereby destroying the benefit, usefulness and enjoyment of a very large portion thereof, to which use, benefit and enjoyment he is entitled by law, for flower beds, lawn grass and other uses.

It is further stated in the bill that, due to the condition set forth, ill feeling has been engendered and that complainant has reported to the trial justice court for relief from the alleged trespass.

The prayer of the bill is that a mandatory injunction issue and that respondents be perpetually enjoined from maintaining the alleged nuisance and that respondents pay to complainant the sum of $200 for damages inflicted.

Respondents filed their demurrer to the bill of complaint, and for grounds of demurrer "say that the bill sets forth no ground for equitable relief, and that a court of law is the forum to which plaintiff should resort." The demurrer was overruled, the cause was heard upon the allegations of the bill and depositions taken in support thereof, and on the

12th day of August, 1938, the court entered a decree which enjoined and restrained respondents "from allowing their said hedge, branches and/or roots thereof to grow over and/or upon the said lot so belonging to the complainant," and awarded complainant $200 as damages.

While the question presented is one of first impression in Virginia, the question has frequently arisen in many of the other States of the Union. Some of the decisions examined are based upon State statutes, while others are based upon the rule prevailing at common law. An examination of the cases and text-books divulges that the rule of law relied upon by the respective litigants is most conflicting.

The principal case of *Buckingham* v. *Elliott,* 62 Miss. 296, 52 Am. Rep. 188, relied upon by complainant, involved the right of a plaintiff to recover damages in an action at law for the pollution of a well on his land, caused by the extended roots of a tree, the trunk of which stood upon the land of defendant. The opinion, delivered by Campbell, C. J., is brief and is as follows:

"We are not able to draw a distinction between the roots of a tree which extend into a neighbor's land and overhanging branches. Undoubtedly if the branches of a noxious tree extend over the land of another and do injury the owner of the tree may be held responsible for the damage done. To this effect are all the authorities. In *Countryman* v. *Lighthill,* 24 Hun (N. Y.) 405, it is said: 'The overhanging branches of a tree not poisonous or noxious in its nature are not a nuisance *per se* in such a sense as to sustain an action for damages.' It was further said that the action was without precedent, and upon principle not to be sustained, because to constitute a cause of action for a nuisance, 'there must be not merely a nominal but such a sensible and real damage as a sensible person, if subjected to it, would find injurious,' etc. Said the court in that case: 'It would be intolerable to give an action in the case of an innoxious tree wherever its growing branches extend so far as to pass beyond the boundary line and overhang a neighbor's soil. The neighbor has a remedy in such case by

clipping the overhanging branches.' The action was denied in that case as groundless and vexatious, because it did not appear that any sensible injury had been done by the overhanging branches, but it was not denied that an action could be sustained where a sensible injury had resulted. In *Hoffman* v. *Armstrong*, 46 Barb. (N. Y.) 337, it was said: 'If the branches of the tree which overhung the defendant's land were a nuisance, his remedy was an action for the damages.' In Cooley on Torts, 567, it is said: 'It is a nuisance if the branches of one's trees extend over the premises of another, and the latter may abate it by sawing them off. The same rule applies here as in trespass; the insignificance of the injury goes to the extent of the recovery, and not to the right of action.'

"It is laid down by Wood on Nuisances, section 112, that the person injured by overhanging branches may abate the nuisance by cutting them off, or may have his action for damages. Wherever one's rights are invaded he must have an action for redress, and 'the insignificance of the injury goes to the extent of the recovery, and not to the right of action.' This is the view of this court announced in *Henry* v. *Shepherd*, 52 Miss. 125. Sections 2370 and 2376 of the Code are designed to afford protection against malicious and trivial actions.

"It seems to be the settled law that overhanging branches are a nuisance, and it must follow that invading roots are. The person intruded on by branches may cut them off; it must be true that one may cut off invading roots; it must be true that he who is injured by encroaching roots from his neighbor's tree can recover the damages sustained from them. The right of action seems clear.

"In determining how much the person injured shall recover, it may be proper to consider the means of protection in his own hands against the injury complained of. It is an admitted fact in this case that the roots of the mulberry trees destroyed the well. That proves the noxious character of the trees. The trees were planted by a former owner, but the appellee has no right to maintain and con-

tinue a nuisance after notice of its character and the injury done by it. True, he has as much right to shade and ornamental trees as his neighbor has to his well of unpolluted water; but if in the enjoyment of his right he invades his neighbor's, he is answerable for it. The trees and their roots are his; he must so restrain his roots as not to work injury to his neighbor; he can enjoy the full advantage of his trees, as we suppose, without permitting them to damage his neighbor. He is not required to destroy them, but only to prevent them from encroaching injuriously upon others. This he is required to do upon the principle embodied in the fundamental maxim: 'So use your own as not to hurt another.' "

The rule of law relied upon by the respondents and known as the Massachusetts rule is succinctly stated in *Michalson et al.* v. *Nutting et al.,* 275 Mass. 232, 175 N. E. 490, 76 A. L. R. 1109. Wait, J., delivering the opinion of the court, said:

"The plaintiffs brought this bill in equity alleging that roots from a poplar tree growing upon the land of the defendants had penetrated the plaintiffs' land and had filled up sewer and drain pipes there, causing expense in digging them up and clearing them, and also had grown under the cement cellar of the plaintiffs' house, causing the cement to crack and crumble and threatening seriously to injure the foundation of the dwelling. They sought a mandatory injunction compelling the removal of the roots, a permanent injunction restraining the defendants from allowing the roots to encroach on the plaintiffs' land, and damages. The trial judge found that, as alleged, roots had extended from a poplar tree set out on the land of the defendants into the plaintiffs' land; had entered and clogged the sewer so that several times the plaintiffs had been compelled to dig up the pipes and remove the roots at an expense for the last cleaning of $42.28; had extended underground to the cement foundation wall of their house and had caused it to move slightly but as yet without serious harm; that, at the time of the first clogging of the sewer, notice had been given defendants and request made that the roots be removed but

that they had refused and refrained from so doing. He ruled that upon the facts admitted and found to be true there was no liability on the part of the defendants for the clogging of the sewer and the moving of the wall by the roots of the tree the trunk of which stood on the defendants' land, and he ordered a decree dismissing the bill with costs. The case is before us upon the plaintiff's appeal from a final decree entered in accord with that order.

"There is no error. The law of Massachusetts was stated in *Bliss* v. *Ball,* 99 Mass. 597, 598, by Chapman, C. J., to be: 'As against adjoining proprietors, the owner of a lot may plant shade trees upon it, or cover it with a thick forest, and the injury done to them by the mere shade of the trees is *damnum absque injuria.* It is no violation of their rights.' We see no distinction in principle between damage done by shade, and damage caused by overhanging branches or invading roots. The principle involved is that an owner of land is at liberty to use his land, and all of it, to grow trees. Their growth naturally and reasonably will be accompanied by the extension of boughs and the penetration of roots over and into adjoining property of others. As was said in *Countryman* v. *Lighthill,* 24 Hun (N. Y.) 405, 407: 'It would be intolerable to give an action in the case of an innoxious tree whenever its growing branches extend so far as to pass beyond the boundary line and overhang a neighbor's soil.' It would be equally intolerable where roots penetrate the neighbor's soil.

"The neighbor, though without right of appeal to the courts if harm results to him, is, nevertheless, not without remedy. His right to cut off the intruding boughs and roots is well recognized. *Bliss* v. *Ball, supra; Harndon* v. *Stultz,* 124 Iowa 440, 100 N. W. 329; *Robinson* v. *Clapp,* 65 Conn. 365, 32 A. 939, 29 L. R. A. 582; *Countryman* v. *Lighthill, supra; Hickey* v. *Michigan Central R. Co.,* 96 Mich. 498, 55 N. W. 989, 21 L. R. A. 729, 35 Am. St. Rep. 621; *Tanner* v. *Wallbrunn,* 77 Mo. App. 262; *Lemmon* v. *Webb* (1895) A. C. 1. See *Skinner* v. *Wilder,* 38 Vt. 115, 88 Am. Dec. 645. His remedy is in his own hands. The common sense of the

common law has recognized that it is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's rights to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious.

"The cases where resort to the courts has been attempted are few. The result we have reached is supported by the decisions in *Harndon* v. *Stultz, supra; Grandona* v. *Lovdal,* 70 Cal. 161, 11 P. 623; *Id.,* 78 Cal. 611, 21 P. 366, 12 Am. St. Rep. 121, and the reasoning in *Gulf, Colorado & Santa Fe Railway Co.* v. *Oakes,* 94 Tex. 155, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835; *Crowhurst* v. *Burial Board of Amersham,* 4 Ex. D. 5; *Giles* v. *Walker,* 24 Q. B. Div. 656. We are unable to agree with *Ackerman* v. *Ellis,* 81 N. J. Law 1, 79 A. 883; *Buckingham* v. *Elliott,* 62 Miss. 296, 52 Am. Rep. 188; *Brock* v. *Connecticut & Passumpsic Rivers Railroad Co.,* 35 Vt. 373. The majority opinion in *Gostina* v. *Ryland,* 116 Wash. 228, 199 P. 298, 18 A. L. R. 650, *contra,* is based, apparently, on a state statute. See 1 C. J. page 1233, for a collection of the cases. In this commonwealth, there was no actionable nuisance and no right of recourse to equity."

It is to be observed that the opinion in the Mississippi case is bottomed upon the noxious character of the tree and the refusal of the defendant after notice to abate the alleged nuisance and that the proof showed that plaintiff had suffered "a sensible" injury. No question of equitable relief was therein involved.

Were the facts in the instant case similar to the facts in that case, we would be in accord with the rule there stated, *viz.:* when it appears that a sensible injury has been inflicted by the protrusion of roots from a noxious tree or plant onto the land of another, he has, after notice, a right of action at law for the trespass committed.

But when it appears that the roots and branches of a privet hedge, which is not noxious in its nature, protrude

on adjoining land, and that no "sensible injury" has been inflicted, it is our opinion that the complainant is not entitled to pursue his remedy in a court of equity, but is bound by the rule prevailing at common law and must bear the burden of protecting himself from protruding roots which emanate from a hedge growing upon the land of an adjoining owner.

The demurrer of respondents should have been sustained and the bill of complaint dismissed.

A final decree will be entered in this court.

*Reversed.*