## Schneck v. Podrasky

*Edward G. Kuyat*, for plaintiff.

*Harry E. Simmons*, for defendants.

McDONALD, J., July 28, 1960.—Plaintiff, owner of a lot in the City of Johnstown, Cambria County, adjoining a lot owned by defendants, has commenced an action in equity asking for an order restraining defendants from encroaching on his land and requiring them to construct an adequate retaining wall. In their new matter, defendants allege plaintiff's concrete walk

encroaches upon their lot. In his reply, plaintiff claims title by adverse possession to the strip of land upon which the walk encroaches.

## Findings of Fact

1. Plaintiff has been the owner of the southerly one half of lot no. 2973, on the general plan of Moxham, since March 29, 1948. On this lot is erected one half of a double house designated as 531 Linden Avenue.

2. Defendants have been the owners, as tenants by the entireties, of the northerly one half of lot no. 2974, on the general plan of Moxham, since June 5, 1948, and have resided in the premises erected on said lot known as 533 Linden Avenue since 1946.

3. The lots owned by plaintiff and defendants adjoin from Linden Avenue to Eighth Alley.

4. Defendants' lot is approximately 12 to 18 inches higher in elevation than plaintiff's lot and surface drainage naturally flows from their lot to his lot.

5. Defendants have constructed a concrete block wall on their lot along a portion of the boundary line.

6. From the terminus of that wall to the property line on Eighth Alley, defendants have erected on their land a wall approximately 18 inches above ground level and consisting of three railroad ties in height. This wall is supported by iron pipes and wooden pegs.

7. No part of the walls constructed by defendants encroach on, or overhang, plaintiff's lot, nor do any of the pipes or pins used to support the wooden wall.

8. The concrete walk constructed on plaintiff's land in 1953 was constructed in the same position as a walk then in place; it encroaches on defendants' lot about three to four inches.

9. The concrete walk has been in the same position for a period of upwards of 21 years.

10. Plaintiff and his predecessors in title have occupied that portion of defendants' lot upon which the walk encroaches, openly, notoriously and adversely for a period of upwards of 21 years.

11. A pear tree, which bears fruit and the trunk of which is eight inches in diameter, had been growing on defendants' lot near the boundary for upwards of 30 years.

12. The branches from the pear tree overhang the lot of plaintiff; leaves and fruit from this tree are deposited on plaintiff's lot.

13. Defendants have planted, 15 and 18 inches from the boundary line respectively, two plum trees of about two or three inches in diameter, the branches of which overhang plaintiff's lot and from which leaves are deposited on his lot.

14. Along other portions of the boundary line and on defendants' lot are planted rose bushes, rhubarb and grape vines; when in full growth, during certain seasons of the year, the leaves from these shrubbery and vines overhang the boundary line.

15. After the commencement of this action, defendants removed several of the overhanging branches from the pear tree.

16. Plaintiff has suffered no sensible damage as a result of any of the encroaching tree branches or water drainage; he has, however, removed the leaves and pears deposited on his lot at various times of the year.

17. Plaintiff has not cut off, or otherwise removed, any of the branches which overhang his land.

## Discussion

It is indeed unfortunate the parties to this action have been unable in an amicable and neighborly way to settle the almost insignificant differences that have interfered with the otherwise peaceful possession of

their land. The sage advice of their attorneys to avoid litigation has gone unheeded. We doubt our decision will allay the tensions and discontent, or satisfy these parties unless they, in a spirit of neighborliness and good will, reasonably discuss methods of eliminating the sources of friction.

We are satisfied on the evidence produced that the retaining wall does not encroach on plaintiff's lot and, therefore, an order requiring its replacement or re-construction will not be made. Although it perhaps does not measure up to the standards of beauty which plaintiff would desire, it does accomplish the task of retaining the soil from defendants' dominant lot. The testimony of plaintiff and several of his witnesses, as well as defendants, indicates water has always drained from that lot to plaintiff's servient lot. It is unfortunate that, at times, this water bears a small amount of soil which is deposited on plaintiff's lot at openings in the wall. Plaintiff claims no damage and the photo-graph offered as exhibit 6 indicates that if any were ascertainable, it is de minimis: Chamberlin v. Ciaffoni, 373 Pa. 430.

Equity offers no relief to plaintiff under the testi-mony in this case. While our research has failed to reveal any appellate decisions on actions resulting from the encroachment of tree branches, we are satisfied the old common-law rule of "self-help" must first pre-vail. No landowner has a cause of action from the mere fact that the branches of an innoxious tree be-longing to an adjoining landowner overhang his prem-ises. His right to cut off the offending branches is considered a sufficient remedy: 2 C.J.S., §38, p. 33; 18 A.L.R. pp. 58-59; 128 A.L.R. 1217; Smith v. Holt, 174 Va. 213, 5 S. E. 2d 492. This self-help applies only to the offending branches, and one may not trespass on his neighbor's property and cut down the tree: Luke v. Scott, 98 Ind. App. 15, 187 N.E. 63.

It is interesting to note the self-help rule is followed in Covey et ux. v. Apfel et ux., 72 D. & C. 420, wherein plaintiff sought to restrain his neighbor, defendant, from cutting branches which extended over the line and interfered with defendant's use of his yard. The court, in dismissing the bill, agreed defendant had the right to cut off the offending branches, particularly when they constituted a nuisance. An exception is noted in Ludwig v. Creswald, Inc., 7 D. & C. 2d 461, where the overhanging branches caused "sensible" damage. In that case, plaintiff requested an injunction to require the removal of overhanging branches which caused damage to his roof and spouting, and necessitated continual repairs. In dismissing defendant's preliminary objections, the court pointed out the doctrine of "self-help" does not bar the exercise of legal or equitable remedies otherwise available. It concluded equity will abate a nuisance "when some actual and sensible damage had been sustained." "Sensible" damage, according to definition, means "substantial" damage.

In the case at bar, it is our opinion plaintiff has his remedy of "self-help" and equity will not grant relief, particularly since no damage has been claimed or proven.

Even if we were inclined to grant the relief asked, it is doubtful that defendants could be required to remove any branches from the pear tree, which overhang the land of plaintiff. In Kennedy v. McGinley, Jr., 6 D. & C. 2d 509, the court refused to order defendant to remove a tree from his property when, by natural growth, it became an obstruction to a driveway used in common by both defendant and plaintiff. A similar result was reached in Mawhinney v. Robbins, 15 Beaver 144, where the court held defendant was not liable for damage caused outside defendant's land by the natural growth of a tree on the

land. These decisions are consistent with section 863 of the Restatement of Torts. Here, the pear tree was growing on defendant's land when he acquired title to it. It had been growing there for upwards of 30 years, and, therefore, he was not responsible for creating a nuisance, if it were a nuisance.

Defendants in their new matter have alleged plaintiff's walk encroaches on their lot by several inches. Plaintiff admits the encroachment; however, he claims a prescriptive right by reason of open, notorious and adverse possession, for a period of upwards of 21 years. The testimony of Mrs. Clare George, whose parents acquired title in 1919 to the lot now owned by plaintiff, indicates a walk was existent there at that date and thereafter. Edward Nau, a contractor, testified he had replaced the old walk in 1953. The use of this walk during the period 1919 to the date of this suit by the tenants and owners of the premises, in the absence of evidence of some license, indulgence or special contract inconsistent with the right claimed, is presumed to have been in pursuance of a full and unqualified grant: Garrett v. Jackson, 20 Pa. 331; Pierce v. Cloud, 32 Pa. 102; Plitt v. Cox, 43 Pa. 486; Wedge et ux., v. Schrock et ux., 145 Pa. Superior Ct. 425. While defendants state in their brief that plaintiff's use of the land on which the sidewalk encroaches has been with their permission and that of their predecessors in title, there is no evidence its use was permissive in nature at its inception. If it were, the burden was on defendant to show this: Garrett v. Jackson, supra. We are satisfied the evidence is sufficient to prove that plaintiff has acquired title by adverse possession to that portion of defendants' land upon which the sidewalk encroaches, by open, notorious and adverse possession thereof for a period of upwards of 21 years.

## Conclusions of Law

1. The testimony fails to establish that the retaining wall constructed by defendants and its supporting pegs encroach on or over plaintiff's lot.

2. In the absence of proof of sensible damage, equity will not grant relief to plaintiff by ordering defendants to remove branches from trees growing on their land and which overhang the lot of plaintiff.

3. An owner of land may cut off branches of trees, shrubbery, flowers and other plants which overhang his land.

4. There being no evidence of permissive user, plaintiff has acquired title by adverse possession to a strip of land on which his sidewalk has been constructed for a period of upwards of 21 years, and which, during that period, has been an encroachment on defendants' lot.

5. The costs of these proceedings shall be divided equally between the parties.

## Decree Nisi

And now, July 28, 1960, upon consideration of the record and briefs, it is hereby ordered, adjudged and decreed as follows:

1. That the complaint of plaintiff be and hereby is dismissed.

2. That plaintiff has acquired by adverse possession, title to a strip of land owned by defendants, and upon which the sidewalk leading from Linden Avenue in a northwesterly direction along the house owned by plaintiff, has been constructed and used for a period of upwards of 21 years.

3. That the costs of these proceedings shall be born equally by the parties hereto.

## Order

The prothonotary is directed to give notice to the parties, or their attorneys of record, of the filing of

the above decree nisi, and if no exceptions be filed thereto within 20 days after the service of such notice, to enter the decree nisi as a final decree.