**Garry SCHWALBACH and Margaret Ann Schwalbach, Appellants,**

v.

**FOREST LAWN MEMORIAL PARK, Kentucky Corporation, Appellee.**

Court of Appeals of Kentucky.

Feb. 22, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 24, 1985.

Paul H. Twehues, Jr., Newport, for appellants.

Gary G. Sergent, O'Hara, Ruberg & Taylor, Covington, for appellee.

Before COMBS, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

The Schwalbachs appeal from a judgment of the Kenton Circuit Court holding Forest Lawn Memorial Park not liable for damages caused by its tree, which was located near the boundary line separating the properties of the parties. The trial court found that the damages complained of were the result of normal droppings of leaves and debris from the tree. The court used as the controlling law the "Massachusetts Rule," as is set forth in *Michalson v. Nutting*, 275 Mass. 232, 175 N.E. 490 (1931). Based on the circumstances in this case, we agree that Forest Lawn is not liable to the Schwalbachs for damages, and we affirm the judgment.

The Schwalbachs own an apartment building located next to property owned by Forest Lawn. They purchased the property in 1969, and they complain that the overhanging limbs began causing them trouble in 1972. The trouble persisted until April of 1983, when they replaced their roof. The original roof was flat, and the new roof was pitched in order to hold fewer leaves, twigs, and other droppings from the tree. The roof had a life expectancy of 20

years and had existed for 19 years at the time it was replaced at a cost of $14,300.

Forest Lawn responded to earlier complaints by removing six branches from the offending tree, but this effort apparently did not solve the total problem. The Schwalbachs took no action to cut any of the branches, nor did they request permission to do so. The trial court not only applied the "Massachusetts Rule," but it further concluded that a more reasonable solution in this case would have been for the Schwalbachs to remove the offending limbs back to the boundary line.

This case presents an issue of first impression in Kentucky. Although we might reach a different result if the tree was known, or should be known, to be so rotten so as to cause a serious threat or nuisance to adjoining property, the apparent good condition of this tree and the other facts in this case are such that we agree with the result reached by the trial court.

The Schwalbachs urge us to adopt what they call a more modern rule, which requires everyone to be held responsible for private nuisances on real estate. They rely on *Sprecher v. Adamson Companies*, 30 Cal.3d 358, 178 Cal.Rptr. 783, 636 P.2d 1121 (1981). The California court used ordinary negligence principles to determine a landowner's liability for harm caused by the condition of his land. The parties refer us to rules from various jurisdictions, which are divided in one way or another, but the California rule seems to be unique to the extent that it might be applied to permit recovery by the Schwalbachs in this factual situation. We might also apply negligence rules and nuisance rules in different situations, but we elect to apply the "Massachusetts Rule" in this case.

As presented in *Michalson, supra,* the rule reads:

> "As against adjoining proprietors, the owner of a lot may plant shade trees upon it, or cover it with a thick forest, and the injury done to them by the mere shade of the trees is damnum absque injuria. It is no violation of their rights." We see no distinction in princi-

ple between damage done by shade, and damage caused by overhanging branches or invading roots. The principle involved is that an owner of land is at liberty to use his land, and all of it, to grow trees. Their growth naturally and reasonably will be accompanied by the extension of boughs and the penetration of roots over and into adjoining property of others.... The neighbor, though without right of appeal to the courts if harm results to him, is, nevertheless, not without remedy. His right to cut off the intruding boughs and roots is well recognized.... His remedy is in his own hands. The common sense of the common law has recognized that is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's right to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious.

175 N.E. at 490–491. Imposing liability upon a landowner for damage resulting from the natural dropping of leaves and other ordinary debris would result in innumerable lawsuits and impose liability upon a landowner for the natural processes and cycles of trees. We are not confronted with a dead tree which is likely to fall and cause serious injury. A claim for damages or removal of such a tree might be based on the theory of negligence for damages or nuisance for removal. Although the landowner may have the right to cut back overhanging branches to the boundary line, in the case of a dead and dangerous tree, it may be more sensible to require the owner of the tree to remove it in its entirety, or be liable for damages. It would be futile to require the neighbor to remove a portion of the tree to the boundary line leaving the hazard of a large portion of the total tree to remain in a threatening position.

Here, we are simply concerned with leaves, twigs, and seeds which fell on a roof and occasionally stopped up gutters. We decline to allow a recovery and concur

with the trial court. The judgment of the Kenton Circuit Court is affirmed.

All concur.