## DiTomo v. Upper Darby School District

*James Asher Lynch III,* for plaintiffs.

*John F. McDevitt Jr.,* for defendant Upper Darby School District.

*Helen M. Alvare,* for defendant Archdiocese of Philadelphia.

KELLY, *J.*, April 10, 1986 — Plaintiffs allege that minor plaintiff, Joseph Bernard DiTomo, tripped and fell over a tree root in a schoolyard belonging to defendant Upper Darby School District. This tree root was attached to a tree growing on the grounds of St. Laurence Parish, property belonging to defendant Archdiocese of Philadelphia. Plaintiffs sued defendants alleging that the injuries suffered by minor plaintiff in the fall were caused by defendants' negligence. Defendant Upper Darby School District filed a crossclaim against defendant Archdiocese of Philadelphia alleging that it was responsible for the tree roots on the school's property. Defendant Archdiocese of Philadelphia filed preliminary objections asserting that it did not owe plaintiffs nor defendant school district any duty of care regarding the tree roots. The court sustained these objections and defendant school district has appealed to Superior Court.

Research discloses no case in which the issue of whether an owner of land is responsible for injuries caused by tree roots growing on another's land because those roots are attached to a tree on his property. Therefore, this case must be decided by analogy to Pennsylvania cases of somewhat similar circumstances.

In *McCarthy v. Ference*, 358 Pa. 485, 493, 58 A.2d 49, 53 (1948) the Pennsylvania Supreme Court cited favorably the Restatement of Torts, §363 which states:

"Natural Conditions

"(1) Except as stated in subsection (2), neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.

"(2) A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway."

That case involved a fall of rocks from a hillside onto a road. The court held that because the rock fall was caused by the way the road had been built, the accident was the result of artificial rather than natural conditions and section 363 did not apply.

In *Barker v. Brown*, 236 Pa. Super. 75, 81 340 A.2d 566, 569 (1975) the Superior Court held that a landowner could be liable for damages in a case where a tree in "decayed, rotting and dangerous" condition (236 Pa. Super at 77, 340 A.2d at 567) fell onto the property of an adjoining landowner. The court held that section 363 should not be applied in or near a developed or residential area. The court stated:

"We hold that a possessor of land in or adjacent to a developed or residential area is subject to liability for harm caused to others outside of the land by a defect in the condition of a tree thereon, if the exercise of reasonable care by the possessor (a) would have disclosed the defect and the risk involved therein, and (b) would had made it reasonably safe by repair or otherwise." 236 Pa. Super at 81, 340 A.2d at 569.

Thus, if it is held that the root growing on the land of the school district was "a defect in the condition of a tree" on the property of defendant archdiocese then the archdiocese might be liable. However, if it is held that the tree on the land of the archdiocese could not have had any "defect" that caused plaintiff to trip on the land of the school district then the archdiocese can not be liable. It would seem

that this case hinges on the answer to a metaphysical question, "Where is the tree?" That is, "On whose land is the tree?" Is all of the tree always considered to be the archdiocese tree no matter how far roots extend because the trunk is on its property? Or can the archdiocese only be held liable for the condition of the tree on its own land, the condition of those parts of the tree extending off the land being the responsibility of the person who owns the land on which that part of the tree is growing?

This court holds that a landowner may be responsible for damages to persons off his property resulting from the defective condition of a tree on his property if that defective condition is also on his property. If the alleged defective condition is not on his property, then he is not responsible.

Support for this holding may be found by considering, as a hypothetical example, a case in which a tree is growing on a property line, with 51 percent of the trunk on a parcel A and 49 percent of the trunk on parcel B. Following the theory of plaintiffs and defendant school district in this case, it would seem that if a person tripped on an exposed tree root on parcel B, then the owner of parcel A may be liable. But if the owner of parcel A had only 49 percent of the tree on his land, he would escape liability. This is an anomalous and unsatisfactory result.

A rule that makes a landowner liable for defects in trees on his property, when the defect is on his property, seems to be the more just result and would be simpler to apply than the rule proposed by plaintiffs and defendant school district. There is also some support for such a rule in Pennsylvania case law.

The following cases stand for the proposition that where roots or limbs of a tree grow onto adjoining property, the owner of the adjoining property is not able to obtain an injunction forcing the other land-

owner to remove the offending branches or roots unless he can prove that the roots or branches are actually damaging his land. The adjoining landower is limited to the remedy of self-help. *Marazacco v. Crossley,* 29 D.&C.2d 173 (1962); *Schneck v. Podrasky,* 23 D.&C.2d 260 (1960); *Covey v. Apfel,* 72 D.&C. 420 (1950); *Smith v. Holt,* 174 Va. 213, 5 S.E.2d 492 (1939).

For the above reasons, defendant Archdiocese of Philadelphia's preliminary objections were sustained.