## Jones v. Wagner

*Robert L. Jones,* for plaintiff.
*Robert C. Steiger,* for defendants.

SALUS, *J.,* September 23, 1992—This is an appeal filed by plaintiffs, Robert and Merry Jones, from an order dated August 11, 1992, granting defendants' preliminary objections in the form of a demurrer, which dismissed plaintiffs' complaint.

This action stems from the acts of defendants, Christian Wagner and Ines Olivares, who seized the initiative to remove portions of their adjoining neighbors' branches which protruded onto defendants' property. On December

29, 1991, defendants cut the offending branches of plaintiffs' trees (wholly planted on plaintiffs' land) up to but not beyond the property boundary.

To sustain preliminary objections in the nature of a demurrer, the court must accept all well-pleaded facts averred in the complaint and all inferences reasonably deducible therefrom. The court must then inquire whether the law says with certainty that no recovery is possible, with any doubt resolved in favor of overruling the demurrer. *Kyle v. McNamara & Criste,* 506 Pa. 631, 634, 487 A.2d 814, 816 (1985); *Baker v. Magnetic Analysis Corp.,* 347 Pa. Super. 188, 192, 500 A.2d 470, 472 (1985); *Judge v. Allentown & Sacred Heart Hospital Center,* 90 Pa. Commw. 520, 496 A.2d 92 (1985).

If plaintiffs have been relying on American or English law for their arguments in this case, supporting common law citations are lacking in the entirety. Whereas plaintiffs claim that every case in Pennsylvania and elsewhere supports their contention that self help may not be used to remedy encroachment by vegetation, the reality of the law indicates that plaintiffs' argument is absolutely without merit.

Because there is no law in accordance with plaintiffs' assertions, they are forced to cite cases which involve action against tree owners by neighbors who wish to compel the removal of the branches, or at least recoup the expense of doing so themselves. Admittedly, the law of Pennsylvania only allows recoupment of costs where extra damage—beyond the actual encroachment—can be shown. Plaintiffs cite a number of cases to support this conclusion. Unfortunately for plaintiffs, these same cases (and others) also conclude that the "self help" removal

of branches is an appropriate remedy where encroaching branches simply intrude into the adjoining landowner's airspace. The encroachment need not carry with it further damage, but where no further injury exists, self help may be the sole remedy.

The case on appeal presents the issue of self help before the courts. Because the judiciary across the country has attempted to keep the system free from petty arguments between neighbors, the courts have encouraged self help where it is appropriate to do so. *Ludwig v. Creswald,* 7 D.&C.2d 461, 463 (1956); *Michalson v. Nutting,* 275 Mass. 232, 234, 175 N.E. 490, 491, 76 A.L.R. 1109, 1111 (1931). The courts of Pennsylvania and across the nation have firmly established the proposition that encroachment by vegetation (roots or branches) may be cured through self help. *Covey v. Apfel,* 72 D.&C. 420, 421 (1950) ("we find the law to be, in every instance where the question has been raised, that a landowner may cut or lop off overhanging branches of a tree belonging to an adjoining owner...."); *Ludwig v. Creswald,* 7 D.&C.2d 461, 463 (1956) (quoting *Covey* at 421; 2 C.J.S. Adjoining Landowner, sec. 38, p. 33; 18 A.L.R. 655, 658-59); *Schneck v. Podrasky,* 23 D.&C.2d 260, 263 (1960) (A landowner's right to cut off branches of an offending tree overhanging his premises is considered a sufficient remedy); *Michalson v. Nutting,* 275 Mass. 232, 233, 175 N.E. 490, 490, 76 A.L.R. 1109, 1110 (1931) ("[the] right to cut off the intruding boughs and roots is well recognized."); *Smith v. Holt,* 174 Va. 213, 216, 5 S.E.2d. 492, 494, 128 A.L.R. 1217, 1219 (1939) ("The person intruded on by branches may cut them off...."). See also, *Cannon v. Dunn,* 145 Ariz. 115, 700 P.2d 502 (1985);

*Sterling v. Weinstein,* 75 A.2d 144 (1950); *Murray v. Heabron,* 35 Ohio Op. 135, 74 N.E.2d 648 (1947). 65 A.L.R. 4th 603.

"The remedy can generally be defined as the adjoining owners' removal of branches or roots to the extent that they protrude into his property." 65 A.L.R.4th 603, 617. Defendants acted in accordance with this definition, and plaintiffs do not dispute this. Pennsylvania also does not recognize property rights or easement privileges "which require defendants to submit to continuing interference with the use of their property." *Covey v. Apfel,* 72 D.&C. 420, 421 (1950).

One of the goals of the law is to provide the citizenry with steady, predictable results, so that informed guidance may conduct behavior. While the result of defendants' behavior may be aesthetically disastrous to plaintiffs (and defendants), a reversal of all precedent concerning encroachment by vegetation would be grossly unfair to defendants. Albeit with apparent malevolence, defendants followed the common law rulings by resorting to the only remedy at law available to them. The fact that the court or the public may consider defendants' acts abhorrent does not permit judicial deviation from the law.

For the foregoing reasons, the order of this court should be affirmed.