TAYLOR, JUDGE:
George E. Saufley, II, and Bruce Gilbert bring this appeal from a December 5, 2016, order of the Lincoln Circuit Court granting summary judgment in favor of James R. Reed, Jr. We affirm.
BACKGROUND
Saufley and Gilbert raise cattle together on a farm owned by Saufley in Lincoln County. Saufley's farm adjoins property owned by Reed. In March of 2015, Saufley and Gilbert's cattle allegedly consumed yew bushes growing on Reeds' property that had grown through the fence line onto Saufley's property. Fifteen of the jointly owned cows died from consuming the yew bushes, that presumably are poisonous to cattle.
Reed inherited his land from his father in 2007 and had not personally lived on the land since about 1992. Reed rented the land to tenants and rarely visited the property. The yew bushes were apparently growing on the land when he inherited the property. Reed had no knowledge the bushes were poisonous or that any branches of the bushes had grown over on Saufley's farm. Neither Saufley nor Gilbert ever complained to Reed (or his tenant) about the bushes.
Saufley and Gilbert initiated this negligence action against Reed in July of 2015. The circuit court granted summary judgment to Reed by order entered December 5, 2016, concluding there was no duty owed by Reed to Saufley and Gilbert as concerns the wild yew bushes growing on Reed's property. This appeal follows.
STANDARD OF REVIEW
The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly *603 found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rules of Civil Procedure (CR) 56.03 ). Upon a motion for summary judgment, the record is viewed in a light most favorable to the nonmoving party and that "all doubts are to be resolved in his favor." Steelvest, Inc. v. Scansteel Serv. Ctr., Inc. , 807 S.W.2d 476, 480 (Ky. 1991). We review a trial court's decision to grant summary judgment de novo. Brown v. Griffin , 505 S.W.3d 777, 781 (Ky. App. 2016).
ANALYSIS
The facts in this care are not in dispute. Poisonous bushes on Reed's property grew across the boundary line of Saufley's property and were fatally consumed by Saufley and Gilbert's cows. None of the parties involved knew of the toxic nature of the plants prior to their consumption by the cows. The sole legal issue on appeal looks to whether Reed owed a legal duty to Saufley and Gilbert as concerns the poisonous bushes growing on his property.
The Kentucky Supreme Court has held that "[a] common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." Wright v. House of Imports, Inc. , 381 S.W.3d 209, 213 (Ky. 2012). The issue of whether a duty is owed "presents a question of law." Pathways, Inc. v. Hammons , 113 S.W.3d 85, 89 (Ky. 2003) (citation omitted).
Kentucky courts have followed the "Massachusetts Rule" as concerns the facts presented in this appeal. Under this rule, landowners are limited to using only self-help when vegetation from a neighbor's property grows across boundary lines - i.e., trimming the vegetation back to the boundary line. See Schwalbach v. Forest Lawn Memorial Park , 687 S.W.2d 551, 552 (Ky. App. 1985). In Schwalbach , the Court summarized the "Massachusetts Rule" as follows:
As against adjoining proprietors, the owner of a lot may plant shade trees upon it, or cover it with a thick forest, and the injury done to them by the mere shade of the trees is damnum absque injuria. It is no violation of their rights. We see no distinction in principle between damage done by shade, and damage caused by overhanging branches or invading roots. The principle involved is that an owner of land is at liberty to use his land, and all of it, to grow trees. Their growth naturally and reasonably will be accompanied by the extension of boughs and the penetration of roots over and into adjoining property of others....
The neighbor, though without right of appeal to the courts if harm results to him, is, nevertheless, not without remedy. His right to cut off the intruding boughs and roots is well recognized.... His remedy is in his own hands. The common sense of the common law has recognized that is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's right to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious.
Schwalbach , 687 S.W.2d at 552 (citation and internal quotation marks omitted). The Kentucky Supreme Court has held that it "intend[s] for the Massachusetts rule to continue to apply to cases involving the natural dropping of leaves and other naturally occurring debris onto the property of another landowner."
*604 Com., Transp. Cabinet, Dep't of Highways v. Sexton , 256 S.W.3d 29, 35 n.13 (Ky. 2008). The Massachusetts rule clearly applies to the facts of this case and was properly applied by the circuit court.
In a remark seized upon by Saufley and Gilbert, the Schwalbach Court did state in dicta that "in the case of a dead and dangerous tree, it may be more sensible to require the owner of the tree to remove it in its entirety, or be liable for damages." Schwalbach , 687 S.W.2d at 552 (emphasis added). However, we must reject Saufley and Gilbert's argument that the yew bushes in this case fall within that exception. Perhaps their poisonous nature made the yew bushes dangerous, but the parties have pointed to no evidence showing they were dead (or even diseased). And, as the circuit court noted, our result might be different had Reed planted the bushes, knowing of their toxicity. Thus, the limited hypothetical exception in Schwalbach for "a dead and dangerous tree" is inapplicable to this case. See id.
There is no dispute that Saufley and Gilbert failed to trim the branches of the bushes back to the property line. Indeed, there is no indication that they even raised any concern with Reed about the bushes. In short, we agree with the trial court that under these facts, Reed owed no duty to Saufley and Gilbert in regard to the bushes. Our conclusion is reinforced by the fact that the land at issue is rural and was rarely visited by Reed. See, e.g., Lemon v. Edwards , 344 S.W.2d 822 (Ky. 1961) (holding that owners who rarely visited land owned in rural areas did not have a duty to inspect to see if trees had become dangerous to users of nearby roads).
For the foregoing reasons, the order granting summary judgment of the Lincoln Circuit Court is affirmed.
ALL CONCUR.