———o———

GREENBERRY JEFFRIES, Appellant, *vs.* FLAMMERY N. BURGIN, Respondent.

1. *Division fences—Removal of—Constr. Stat.*—A division fence, within the meaning of the act of 1869 (Wagn. Stat., 633), is one erected on the boundary line between adjoining proprietors ; and not one erected by one of them on his own land although near and parallel to the boundary line ; and a fence of the latter description may be removed by the owner, after giving six months notice. (Wagn. Stat., 707, § 87.)

*Appeal from Harrison Circuit Court.*

*D. J. Heaston*, for Appellant.

*Howell & Aloord*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action for damages for the removal of a fence alleged to be a partition fence within the meaning of the statute of 1869 (1 Wagn. Stat., 633), "concerning fences, partition and hedge."

The facts of the case are as follows: The plaintiff owned the south-west quarter of the north-west quarter, and defendant owned the north-west quarter of south-west quarter of section one, township sixty-four, of range twenty-eight, in Harrison county.   The plaintiff had his land already inclosed ; one string of his fence was on the line separating his forty acres from that of the defendant.

The defendant desiring to inclose his land agreed to build half of the division fence.   Instead of putting his fence on the line, he put it on his own land, some two or three feet from the line ; and after building it half way across his land parallel with the dividing line joined to the plaintiff's fence. The plaintiff then removed that half of his fence, and used the defendant's fence as and for the division fence.

Afterwards, on the 10th day of May, 1871, the defendant gave the plaintiff a written notice of his intention to remove his part of the division fence, at the expiration of six months ; and, after the expiration of six months, the defendant removed his fence—and built an entire string of fence across his whole forty acres, parallel with the division line, but ten or twelve feet from it.   In doing this he left the plaintiff's inclosure exposed to the depredations of cattle and hogs ; and some cattle and hogs actually strayed on to the plaintiff's land.   This suit is brought for the removal of the fence and for the damages occasioned thereby.

The material question is whether the defendant's fence formed a division fence, or a part of a division fence, as contemplated by the act of the legislature of 1869, above referred to.   The court decided this question in favor of the defendant, holding that he had a right under the inclosure act (1 Wagn. Stat., 707) to remove his fence after six months notice in writing.

It is manifest from the whole tenor of the act of 1869, that the legislature in speaking of division fences, had reference to such fences as were erected on the boundary line between adjoining proprietors, and not to such as may be erected by each proprietor on his own land, though near and parallel to the boundary line. Unless the fence was placed on the boundary line, the legislature would have no power to make any regulations in reference thereto. Every owner has the right to use his own land and the fences thereon, as he may think proper, so that he does no injury to other parties. Although a division fence may be entirely on his own land, yet if, by consent or otherwise, it is used as a division fence by both parties, the owner would have no right to remove the fence without giving such a notice as would enable the adjoining proprietor to protect himself. Our statute requires such notice to be six months before the removal.

Under the act of 1869, a fence built on the line, separating adjoining proprietors, may become a permanent fixture by complying with the terms of the statute, and could only be removed as provided for in that act. But as that statute does not apply to fences not built on the boundary line, the plaintiff had no standing to maintain this action.

Judgment affirmed. Judge Sherwood absent, the other judges concur.