JOANNA F. COOKE ET AL. *vs.* EDWARD A. MCSHANE.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 18th—decided June, 18th, 1928.

*Clement A. Fuller* and *Frank E. Jamrozy,* for the appellants (plaintiffs).

*Jackson Palmer*, with whom was *Sidney C. Perell* and, on the brief, *C. Milton Fessenden, Matthew H. Kenealy* and *Daniel E. Ryan*, for the appellee (defendant).

MALTBIE, J. This action was brought to recover damages for cutting a privet hedge standing along the boundary between the land of the plaintiff and that of the defendant. The trial court found the following facts: The hedge, while somewhat irregular, followed the boundary line as closely as could be expected of such a hedge; it was considered by both parties as a division fence; it had been allowed to grow wild, only occasionally being trimmed, was some ten or twelve feet high, and the tops of the bushes in places extended several feet over the land on either side of the boundary; the defendant lopped off five or six feet of the upper portion of the hedge so as to reduce its height to about five or six feet; this did not damage it in any way, but rather improved it; it continued to grow and at the time of trial had again reached the height of about twelve feet. The trial court concluded that the defendant's act did not violate the plaintiffs' rights and caused them no damage.

Our statutes recognize that a hedge may be a division fence, if its middle be upon the boundary line and it be not over two feet in width. General Statutes, §5129; *Hine* v. *Wooding*, 37 Conn. 123, 128. As such, it comes within the provisions of Chapter 274 of the General Statutes, providing for the division of fences and their repair when they become insufficient. A hedge differs from the other forms of division fences named in the statute by reason of its propensity to enlarge itself by natural growth. Neither of the adjoining proprietors has any right to trim or cut a hedge in a part not set to him by lawful division so as

to impair its natural sufficiency as a fence. *Mosman* v. *Sanford*, 52 Conn. 23, 34. On the other hand, either may of right trim his own side so it will not cover more than one foot of his land; and beyond this, the law defining the rights of the parties with reference to a tree standing upon the boundary line is applicable, with this modification, that so long as the hedge stands substantially on the boundary line, it is to be treated as a unit and the fact that some of the individual shrubs stand wholly on the land of one party will not justify his treating them as he would a separate tree so standing. He may cut so much of it as extends over his land down to such a height as would leave a sufficient fence should the whole be trimmed to that height, ordinarily down to a height of four and one half feet, provided he can do so without the destruction or unreasonable injury to the main stalks of the shrubs composing it. General Statutes, §5129; *Robinson* v. *Clapp*, 65 Conn. 365, 380, 32 Atl. 929. With so much of the hedge as is over the land of the adjoining proprietor he has no right to interfere.

It necessarily follows that the trial court was in error in holding that the acts of the defendant did not invade the rights of the plaintiffs. But that does not necessitate a new trial. In view of the finding of the trial court that the plaintiffs have suffered no actual damage, the most that they could recover upon a new trial would be nominal damages, and no such substantial rights are here involved as would justify ordering it to permit such a recovery. *Cheshire Brass Co.* v. *Wilson*, 86 Conn. 551, 558, 86 Atl. 26; *Ely* v. *Parsons*, 55 Conn. 83, 102, 10 Atl. 499.

There is no error.

In this opinion the other judges concurred.