LENNON v. TERRALL.

ADJOINING LANDOWNERS—TREES ON BOUNDARY COMMON PROPERTY.
    Tree on boundary line of adjoining lots is common property
    of both owners, and neither has right to cut, injure, or de-
    stroy it without consent of other.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted June 8, 1932. (Docket No. 56, Calendar
No. 36,568.) Decided September 16, 1932.

Bill by Grace Lennon against Charles F. Terrall
to enjoin destruction of a tree on their common lot
line. Decree for plaintiff. Defendant appeals. Af-
firmed.

*Cornelius Hoffius,* for plaintiff.

*Fred C. Temple,* for defendant.

CLARK, C. J.   The parties are adjoining lot own-
ers.   A large tree stands on the line dividing the
lots.   Defendant began to take it down.   After he
had taken off some limbs he was restrained at the
suit of plaintiff, who prayed permanent injunction
and damages.   Plaintiff had decree.   Defendant has
appealed.

Every question presented by appellant assumes
the body or trunk of the tree to be on his land, and
his case is briefed on that assumption.   The record
is wholly to the effect that the trunk of the tree is
on the line, so the questions call for no discussion.

As to property rights in trees on or overhanging boundary line,
see annotation in 21 L. R. A. 729; 46 L. R. A. (N. S.) 3.
    On rights and remedies in case of encroachment of trees, shrubbery
or other vegetation across boundary line, see annotation in 76
A. L. R. 1111.

This tree is the common property of both parties and neither has the right to cut, injure, or destroy it without consent of the other. 1 C. J. p. 1233.

Decree affirmed. Costs to appellee.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.