306 P.2d 1091

William O. LEMON and Veva B. Lemon, husband and wife, Plaintiffs-Respondents,

v.

Florence G. CURINGTON, a widow, Defendant-Appellant.

No. 8483.

Supreme Court of Idaho.

Feb. 4, 1957.

Fairchild & Fairchild, Boise, for appellant.

KEETON, Chief Justice.

Plaintiffs and defendant own adjoining land with a common boundary. Defendant's predecessors in interest, in 1902, planted on the common boundary two poplar trees which have now grown to approximately four to five feet in diameter at the base; the trunks of the trees now extend upon the property of plaintiffs a distance of two or more feet, and four to five feet from a dwelling owned by plaintiffs. The branches have a spread of approximately thirty feet and project onto plaintiffs' land. The court found that the roots are surface feeders and the roots of

Elam & Burke, Frank Church, Boise, for respondents.

one of the trees extend from the boundary line to and against the foundation of plaintiffs' house, and exert sufficient pressure against the basement to crack and push the wall of plaintiffs' house inward. The roots also damage the surface; the trees have become brittle, which increases the tendency of their limbs to break. If the trees were topped and the roots extending on plaintiffs' land severed, the trees are likely to fall over.

In 1938, subsequent to the planting of the trees plaintiffs built said house approximately six feet or less distant south from the common boundary.

Plaintiff brought this action alleging that the condition shown to exist is unsafe, constitutes a nuisance, and asked authority to remove the offending trees. The court authorized the destruction of one tree and found:

"That in order to eliminate the danger and further destruction and damage to plaintiffs' property it is necessary that the tree growing furthest to the west be removed. However, the poplar tree growing on the boundary line between the property of the defendant and of the plaintiffs, and growing furthest to the east, has not damaged the foundation and walls of the plaintiffs' house. Since this tree is otherwise a mature and healthy tree it is not necessary for the protection of plaintiffs' property that it be removed."

and entered judgment that plaintiffs could remove, at their own expense, the tree that grows on the property line between the property of plaintiffs and defendant, furtherest to the west, and enjoined defendant from interfering with such removal. From the judgment so entered, defendant appealed.

In specifications of error defendant challenges the conclusion made; asserts that the owner of the trees on a common boundary line between the two adjoining owners may not compel the removal of the trees, contending that plaintiffs are limited to removing the penetrations on their land; that such was the common law of England, applicable here under provisions of Sec. 73–116, I.C., which provides:

"The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state."

Appellant cites Harndon v. Stultz, 124 Iowa 440, 100 N.W. 329, which held:

"An adjoining proprietor may cut off the overhanging branches of trees at the line, and dig out the roots penetrating the soil on his land."

This case had to do with an overlapping privet hedge on the boundary line of adjoining property and as the defendant in

that case had disclaimed ownership, the court authorized the removal of the hedge at plaintiff's expense. Further the statute of Iowa recognized that such a hedge could be maintained as a division fence.

In Cooke v. McShane, 108 Conn. 97, 142 A. 460; Blalock v. Atwood, 154 Ky. 394, 157 S.W. 694, 46 L.R.A.,N.S., 3; Cobb v. Western Union Telegraph Co., 90 Vt. 342, 98 A. 758; Lennon v. Terrall, 260 Mich. 100, 244 N.W. 245, cited by defendant, it was not alleged or proved in any of those cases that the tree, trees or shrubs were a nuisance or damaged the adjoining landowners.

In the case of Michalson v. Nutting, 275 Mass. 232, 175 N.E. 490, 76 A.L.R. 1109, the court held that an action of the nature here could not be maintained and where one's property is invaded by the boughs or roots of a tree growing on adjoining premises, he may cut them off. The case, however is distinguishable from the one before us for the reason in the above case the tree complained of grew entirely on the defendant's property.

Sec. 52–101, I.C. defines a nuisance as:

"Anything which is injurious to health * * * or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. * * *"

Sec. 52–111, I.C. authorizes the bringing of an action by any person whose property is injuriously affected or whose personal enjoyment is lessened by the maintaining of a nuisance to have it abated.

While there may be some conflict of authority on the question presented, it is generally held that where actual damage has been sustained and is likely to continue, the injured landowner may maintain an action for the abatement of the nuisance.

In Stevens v. Moon, 54 Cal.App. 737, 202 P. 961, it was held that where the root system of eucalyptus trees extended into the land of an adjoining owner, withdrawing moisture and food constituents required for the growing of crops thereon, was a nuisance. While under such circumstances an adjoining owner may himself abate the nuisance by digging into the ground, intercepting and destroying the roots, just as he may cut off overhanging branches, he is not bound to do so, but he has a remedy by an action to abate the nuisance. The rule was followed in Shevlin v. Johnston, 56 Cal.App. 563, 205 P. 1087. In that case the defendant was given an option of removing the trees in question or by constructing a trench or barrier sufficient to prevent the roots of eucalyptus or cottonwood trees from entering, penetrating or growing into the land of plaintiff. See also, 2 C.J.S., Adjoining Landowners, § 38, p. 33, reading on page 34; also Ackerman v. Ellis, 81 N.J.L. 1, 79 A. 883.

We think the condition here shown to exist constitutes a nuisance under the pro-

visions of Sec. 52–101, I.C. and the same should be abated as ordered by the trial judge.

The judgment is affirmed. Costs to respondent.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.