ELEANOR GROSBY *v.* HELEN M. HARPER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 1-6410-9562

Argued February 25—decided July 8, 1966

*Robert N. Grosby,* of Norwalk, for the appellant (plaintiff).

*Thomas T. Adams,* of Wilton, for the appellee (defendant).

KOSICKI, J. The plaintiff, in this action, sought to recover damages for the cutting by the defendant of a privet hedge growing along the boundary between the land of the plaintiff and that of the defendant. The finding of facts, with such corrections as are allowable, may be stated as follows: On September 22 and 23, 1964, the plaintiff owned a tract of land, with a dwelling house thereon, located at the corner of Truman Street and Hyatt Avenue in the city of Norwalk. She had purchased the premises as a realtor for the purpose of resale, later sold the property, and did not occupy it at any time in the interim. On September 22, there was a privet hedge along the boundary common to both parties. The center line of the hedge, in relation to the common boundary line, which is the south boundary of the plaintiff's land and measures 125 feet, may be described as follows: Proceeding easterly from Hyatt Street for 23.5 feet, the center line of the hedge is on the property line; for the next 5 feet, the center line is approximately 4 inches south of the boundary; thence, for a distance of 15 feet, 3 inches south of the boundary; thence 12.5 feet, 4 inches south of the boundary; from there over a distance of 16 feet, returning gradually to the property line; at this point the center line of the hedge again veers southward so that its general position for the remaining distance of approximately 45 feet is from 1 foot to 1.9 feet south of the common boundary. On September 22, 1964, the hedge was approximately 5 feet 3 inches in height and 117 feet in length. It had been planted in April, 1953, at the sole initiative of the defendant and at her expense. She had the right so to plant it. *Mosman* v. *Sanford,* 52 Conn. 23, 34. There had been no preexisting fence, and the defendant believed the hedge had been planted on her land. Her then neighbor did not share in the planting or the expense. On September 23, 1964, the defendant had the hedge cut

down because it was top-heavy and she wanted it to thicken out near the ground. It was stipulated that hedges are sometimes cut to stimulate and facilitate their growth. The cutting of the hedge caused it no injury. It continued to grow and at the time of trial was approximately four feet in height.

The court concluded that the cutting did not destroy the hedge or cause unreasonable injury to its main stalks but, on the contrary, had improved it; and that the acts of the defendant did not invade any right of the plaintiff or cause her any damage. In her motion to correct the finding, the plaintiff makes a broadside attack having as its objective a substitution of her version of subordinate facts and conclusions for the finding of the court. Such attacks on the finding have been repeatedly discountenanced. *Franchey* v. *Hannes,* 152 Conn. 372, 374. The facts which the plaintiff claims the court erred in finding are supported by the evidence or inferences reasonably drawn therefrom and must stand. Some of the requested additions are immaterial and would not be of advantage to the plaintiff. *Greco* v. *Morcaldi,* 145 Conn. 685, 687. There was credible evidence to support the facts found and they cannot be disturbed on review. *Hartford-Connecticut Trust Co.* v. *Putnam Phalanx,* 138 Conn. 695, 698. We cannot retry the case. *Saunders* v. *Saunders,* 140 Conn. 140, 143.

The case was presented, decided and argued before us on the theory that the hedge, which acted as a priming fuse for this action, constituted a division fence under § 47-43 of the General Statutes. This is not wholly borne out by the undisputed facts as found by the court. The cited section reads in part as follows: "The proprietors of lands shall make and maintain sufficient fences to secure their particular fields. . . . Adjoining proprietors shall

each make and maintain half of a divisional fence, the middle line of which shall be on the dividing line, and such fence shall not exceed in width, if a . . . hedge fence, two feet . . . ." It is further provided in the statute that a division fence, depending on the kind agreed upon by the adjoining owners or decided on by the proper officials, acting as fence viewers, shall be either four or four and one-half feet in height.

The hedge in this case was originally the property of the defendant. It was not purchased by nor set out, to the extent of one-half, to the plaintiff or her predecessors in title under the provisions of § 47-49, § 47-50, § 47-53 or § 47-54; nor does it appear that it had been repaired or cared for by anyone but the defendant. Section 47-51 requires that each person keep his portion of a division fence in repair. Furthermore, from the finding and an exhibit incorporated therein it is incontrovertible that only for a distance of 23.5 feet was the center of the hedge on the property line. For its remaining length of over 93 feet it was on the defendant's side of the boundary and its center was from 3 inches to 1.9 feet south of the property line. Ballentine, Law Dictionary (2d Ed.), defines a division fence as a "fence erected on the boundary line between adjoining proprietors. The term does not, however, apply to such fences as may be erected by each proprietor on his own land, though near and parallel to the boundary line. See *Jeffries* v. *Burgin,* 57 Mo. 327, 329." See 36A C.J.S., Fences, §§ 15, 16. We feel constrained to allude to these inconsistencies, which are apparent on the record, so that the judgment reached in this case relating to the location of the hedge may not be considered as the equivalent of res judicata of the true boundary. The parties did not claim or concede that the correct boundary line was other than that shown on two maps which were exhibits. We point to the

hazards to which loose and inaccurate application of the term "division fence" may lead when title by adverse possession is asserted. *Milardo* v. *Branciforte,* 109 Conn. 693, 695.

Although the case, in our opinion, was tried on a misapprehended construction of the statutes referred to above, we find no occasion to determine the correctness of the construction adopted by the parties, since the ultimate conclusion was correct and no injustice has been done. See *Alexander* v. *Alexander,* 107 Conn. 101, 106; Maltbie, Conn. App. Proc. §§ 36, 42. The court could reasonably conclude that the hedge, even though it were in fact a division fence, had not been destroyed but was improved and strengthened by being trimmed down. Concededly, this was the only way that this desired result could be accomplished. No evidence of injury to the plaintiff's property was introduced; there was only some stipulated estimate as to the cost of replacement of the hedge. Obviously, no need for replacement existed, since the original hedge continued to grow and improve, as expected, after the trimming or cutting was accomplished. Thus, the court correctly found that no actual damage to the plaintiff had been proved. *Cooke* v. *McShane,* 108 Conn. 97, 99; note, 64 A.L.R.2d 668, 673.

There is no error.

In this opinion JACOBS and ZARRILLI, Js., concurred.