KEN COWDEN CHEVROLET, INC v CORTS

Docket No. 54609. Submitted November 4, 1981, at Grand Rapids.—
Decided January 20, 1982.

Ken Cowden Chevrolet, Inc., Kenneth Cowden, and Dorothy J.
Cowden brought an action against Cecil J. Corts and Wilma
Corts, alleging damages occasioned by the defendants' mainte-
nance of a nuisance on land abutting the plaintiffs' lands and
seeking permission to remove a tree on the defendants' land.
The defendants moved for summary judgment on the ground
that the plaintiffs failed to state a claim upon which relief
could be granted. Ingham Circuit Court, James R. Giddings, J.,
granted the defendants' motion except with regard to the
defendants' failure to mow weeds on the land. The plaintiffs
appeal. *Held:*

1. The trial court properly granted the defendants' motion.
The defendants, as possessors of the land in question, were not
liable to the plaintiffs for the ill results flowing from the
natural condition of the land. Such results cannot constitute a
legal nuisance.

2. The plaintiffs did not state a cause of action to abate a
public nuisance, no statutory violation having been alleged and
no showing that they sustained damage of a specific character
distinct from the public in general having been made.

Affirmed.

1. NUISANCE — LEGAL NUISANCES — NATURAL CONDITIONS.

A natural condition of land, not in any way the result of human
activity, cannot become a legal nuisance even though the owner
of the land could remove the condition with little trouble or
expense, and such owner is not liable to persons outside the
land for ill results which flow from the natural condition.

2. NUISANCE — PUBLIC NUISANCES — STANDING.

An action to abate a public nuisance may be maintained by an

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Nuisances § 27.
[2] 58 Am Jur 2d, Nuisances §§ 106-108, 211.

individual only where a statutory violation is alleged and the plaintiff can show that he has suffered damage of a specific character distinct from that suffered by the public generally.

*Brown & Winckler,* for plaintiffs.

*George A. Sullivan,* for defendants.

Before: R. B. BURNS, P.J., and BASHARA and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiffs appeal an order granting summary judgment to defendants pursuant to GCR 1963, 117.2(1).

Plaintiffs Kenneth and Dorothy Cowden own a parcel of land in Leslie, Michigan, which is leased to plaintiff Ken Cowden Chevrolet, Inc. Defendants own a large parcel of land to the immediate north of the dealership. This parcel is not involved in the lawsuit. In addition, defendants own a long, narrow strip of land just east of the dealership. The strip, which is about 16-1/2 feet wide, separates the dealership from Churchill Road.

On September 7, 1977, plaintiffs filed this action. Five counts were pled, but only counts I and II are pertinent to this appeal. Count I alleged a claim based upon nuisance. Plaintiffs averred that defendants had allowed the strip of land to grow in a wild and uncultivated state and that the land is at an elevation of 10 to 15 feet. Plaintiffs asserted that as a result of the condition of defendants' land persons exiting from plaintiffs' parking lot had an impaired view of the traffic on Churchill Road. The high grass and hill allegedly also damaged plaintiffs' business by blocking the view from Churchill Road which resulted in an increase in vandalism and theft. Plaintiffs alleged that defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dants' hill caused drainage and erosion of the soil onto plaintiffs' land.

Count II alleged that a tree, located on the boundary line between plaintiffs' property and defendant's property, obstructed the view of plaintiffs' business sign. Plaintiffs sought permission to remove the tree at their own expense.

Defendants filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), claiming that land which is in its natural state cannot give rise to a nuisance action. The trial court agreed with defendants' argument and granted the motion except as to defendants' failure to mow the weeds on the strip.

Summary judgment premised on GCR 1963, 117.2(1) requires that all well-pleaded facts be accepted as true and that an inquiry be made as to whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *Pontious v E W Bliss Co,* 102 Mich App 718; 302 NW2d 293 (1981).

Plaintiffs argue that the natural state of defendants' property created a dangerous condition which gives rise to an action of nuisance. Plaintiffs cite one Michigan case which is inapposite to the facts at bar. In *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630; 178 NW2d 476 (1970), the Court held that an unoccupied deteriorating building which presented a fire hazard to neighboring buildings constituted a nuisance. The *Buckeye* case stands for the proposition that a nuisance action may lie for lack of due care; a showing of overt action is not required. *Buckeye* does not involve a piece of property in its natural state.

Similarly, *Lemon v Curington,* 78 Idaho 522; 306 P2d 1091 (1957), is not germane to the case at bar. In that case, the roots of trees located on defen-

dant's land had encroached onto plaintiff's land causing damage to plaintiff's home. There has been no allegation of encroachment herein.

We agree with the rule adopted by the Illinois Court of Appeals in *Merriam v McConnell,* 31 Ill App 2d 241, 246; 175 NE2d 293 (1961):

" 'In order to create a *legal* nuisance, *the act of man* must have contributed to its existence. Ill results, however extensive or serious, that flow from natural causes, cannot become a nuisance, even though the person upon whose premises the cause exists could remove it with little trouble and expense.' " (Emphasis in original.)

The Illinois court denied injunctive relief to plaintiff who sought to have defendants, adjoining landowners, restrained from growing box elder trees infested with box elder bugs. See also *Wisconsin v Sensenbrenner,* 262 Wis 118; 53 NW2d 773 (1952), *Roberts v Harrison,* 101 Ga 773; 28 SE 995 (1897).

The general rule stated in *Merriam* is in accord with the approach adopted by 2 Restatement Torts, 2d, § 840, p 166:

"(1) except as stated in Subsection (2) [not relevant here], a possessor of land is not liable to persons outside the land for a nuisance resulting solely from a natural condition of the land.

\* \* \*

"Comment on Subsection (1):

"a. The term 'natural condition' of land means a condition that is not in any way the result of human activity. The term comprehends soil that has not been cultivated, graded or otherwise disturbed; \* \* \* trees, weeds and other vegetation on land that has not been made artificially receptive to it by act of man \* \* \*."

Also, see 58 Am Jur 2d, Nuisances, § 27, p 589, and 66 CJS, Nuisances, § 8b, p 743.

Plaintiffs assert that since the hill causes a safety hazard to customers pulling out of the driveway, a public nuisance has been alleged. Generally, an action for public nuisance may be maintained only where a statutory violation is alleged and an individual can show that he has sustained damages of a specific character distinct and different from the injury suffered by the public generally. *Morse v Liquor Control Comm,* 319 Mich 52; 29 NW2d 316 (1947), *Unger v Forest Home Twp,* 65 Mich App 614; 237 NW2d 582 (1975), *Indian Village Ass'n v Shreve,* 52 Mich App 35; 216 NW2d 447 (1974). Since plaintiffs have not alleged a statutory violation in the complaint, they have not stated a cause of action based upon public nuisance.

Affirmed. No costs, a question of first impression having been raised.