THOMPSON, Presiding Judge,
concurring specially.
I concur fully in the main opinion. I write specially to point out that, although the main opinion correctly applies the general rule regarding boundary-line trees, some jurisdictions have recognized exceptions to the general rule when, for example, a boundary-line tree constitutes a nuisance. See, e.g., Lemon v. Curington, 78 Idaho 522, 525-26, 306 P.2d 1091, 1092-93 (1957). See generally 1 Am.Jur.2d Adjoining Landowners § 18 (2005) (“Generally a boundary line tree is the common property of both abutting owners and neither has the right to damage or destroy the tree without the consent or permission of the other. However, this rule is qualified by the right of an abutting owner to use his or her property in a reasonable way and, conversely, not in an unreasonable way. The damages suffered by or threatened to one of the owners from boundary line trees may entitle him or her to remove the trees, or warrant a court to authorize removal.” (footnotes omitted)).
In the present case, the record reflects that the action was pleaded, tried, and determined on the basis of Kathy Led-ford’s contention that she was entitled to remove the boundary-line tree at issue merely because its trunk is located, in part, on her property. She did not plead, and the trial court did not determine that the boundary-line tree at issue in this case *836 constituted a nuisance for which an exception to the general rule set forth in the main opinion might apply. As a result, the question whether Ledford might avoid the application of the general rule based on a potential exception to that rule is not before us.
MOORE, J., concurs.