DA 12-0120

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 249

WILBUR V. MARTIN,

      Plaintiff and Appellant,

  v.

KEITH ARTIS and GLORIA ARTIS,

      Defendants and Appellees.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 10-1078
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Terry A. Wallace; Attorney at Law; Missoula, Montana

      For Appellees:

          Dwight J. Schulte; Schulte Law Firm, P.C.; Missoula, Montana

Submitted on Briefs:  August 1, 2012

Decided:  November 7, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Wilbur Martin (Martin) appeals from the order of the Fourth Judicial District Court dismissing his complaint asserting nuisance and trespass against Keith and Gloria Artis (Artises), for failing to state a claim upon which relief can be granted. We affirm in part, reverse in part, and remand for further proceedings. We address the following issue:

¶2    *Did the District Court err by dismissing the complaint for failing to state a claim upon which relief could be granted?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Martin filed a complaint and demand for jury trial against Artises in August 2010. These facts are taken from the complaint. Martin resides in the South Hills subdivision in Missoula. Artises' property lies immediately below and abuts Martin's property, and a boundary fence separates the properties. The complaint states:

> On [Artises'] property is situated a tree, which has grown over the last several years so that it blocks a substantial portion of [Martin's] view of the city, valley and mountains. Last [I]ndependence [D]ay, for example, [Martin] and his guest could see virtually none of the South Gate Mall fireworks display solely because of this tree blocking the view[.]

¶4    Martin alleged that the tree's obstruction of his views was offensive to his senses, was an infringement upon the free use of his property, interfered with his comfortable enjoyment of his property, and diminished the aesthetic and monetary value of his property. He asserted that the tree was, and that Artises intended it to be, a nuisance.

¶5    Martin also alleged that "[r]oots from the tree are encroaching onto [Martin's] property and are starting to buckle the boundary fence" and that "the tree itself

2

encroaches onto [Martin's] property over the common boundary fence." Martin asserted that the tree's encroachment upon his property constituted trespass. Acknowledging that Artises had "recently cut a few branches from the tree" after he contacted them, Martin nonetheless asserted that Artises "know their tree is growing over the fence onto [Martin's] property and is buckling his fence but refuse to do anything to stop it; that such trespass is continuing."

¶6 Finally, alleging that Artises had notice and knowledge of the alleged facts, Martin asserted that Artises are guilty of actual malice and that he is entitled to an award of punitive damages.

¶7 Artises filed a motion to dismiss the complaint, arguing that Martin had failed to state a claim upon which relief can be granted because a naturally growing tree is not a nuisance or trespass as a matter of law. The District Court granted the motion and dismissed the complaint. Martin appeals.

## STANDARD OF REVIEW

¶8 We review de novo a district court's decision on a motion to dismiss. *Rooney v. City of Cut Bank*, 2012 MT 149, ¶ 13, 365 Mont. 375, 286 P.3d 241 (citation omitted). We "construe the complaint in a light most favorable to the plaintiff, deeming all factual allegations to be true." *Fellows v. Office of Water Comm'r*, 2012 MT 169, ¶ 11, 365 Mont. 540, 258 P.3d 448. "This Court will affirm the dismissal only if it finds that the plaintiff is not entitled to relief under any set of facts that could be proven in support of the claims." *Fellows*, ¶ 11 (citations omitted).

3

## DISCUSSION

¶9     *Did the District Court err by dismissing the complaint for failing to state a claim upon which relief could be granted?*

¶10     ***A.  Nuisance claim for obstruction of view by a naturally growing tree***.

¶11     The statutory definition of nuisance provides that "[a]nything which is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . is a nuisance." Section 27-30-101(1), MCA (2009).  Noting the absence of express authority creating a right in a landowner to an unobstructed view, and citing to California cases holding that the law is reluctant to imply such a right, the District Court concluded that Martin had no legally enforceable right to demand that Artises reduce the size of their tree, and dismissed his nuisance claim.  Martin argues for a contrary conclusion, citing the definition of nuisance within § 27-30-101(1), MCA, and our decision in *Tarlton v. Kaufman*, 2008 MT 462, 348 Mont. 178, 199 P.3d 263.

¶12     In *Tarlton*, a dispute between Tarltons and Kaufmans, adjoining landowners, led Kaufmans to construct a chain link fence that "stood approximately 20 feet above a newly constructed 6-foot high berm, measured 270 feet in length, and was covered in two layers of dark material." *Tarlton*, ¶ 9.  Tarlton brought a nuisance claim, alleging "the fence destroyed the aesthetic value of their property, that it reduced the value of their property, that it destroyed their view, and that it was an eyesore." *Tarlton*, ¶ 10.  In addition to instructing the jury that Tarltons had to prove that the Kaufmans, by building

4

the fence, created a condition that was either injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, which caused an unreasonable interference with Tarlton's enjoyment of their property, the trial court further instructed the jury that "[g]enerally, a structure or condition cannot constitute a nuisance merely because it is unsightly or because it obstructs a party's view." *Tarlton*, ¶ 15. The jury found that Kaufman's fence was not a nuisance. *Tarlton*, ¶ 16. We reversed, concluding that the additional jury instruction to the effect that, "[g]enerally, a structure or condition cannot constitute a nuisance merely because it is considered unsightly or obstructs a party's view," improperly limited the statutory definition of nuisance and was misleading and confusing to the jury. *Tarlton*, ¶ 43.

¶13 In deciding *Tarlton*, we rejected Kaufman's invitation to apply the holdings of the courts of California, the source of Montana's statute, even though we had previously looked to California for guidance in interpreting the statute, *see Barnes v. City of Thompson Falls*, 1999 MT 77, ¶ 19, 294 Mont. 76, 979 P.2d 1275, reasoning that "this discussion does not require an investigation of California nuisance law since our analysis considers only the question of whether the District Court fully and fairly instructed the jury on Montana's nuisance law." *Tarlton*, ¶ 27. California courts have held that, "[a]s a general rule, a landowner has no natural right to air, light or an unobstructed view and the law is reluctant to imply such a right." *Pacifica Homeowners' Ass'n v. Wesley Palms Ret. Community*, 178 Cal. App. 3d 1147, 1152, 224 Cal. Rptr. 380, 382 (1986) (citing *Venuto v. Owens-Corning Fiberglas Corp.*, 22 Cal. App. 3d 116, 127, 99 Cal. Rptr. 350,

5

357 (1971)). Kaufman had also offered earlier Montana cases rejecting nuisance claims under the statute, but we factually distinguished those cases, explaining that they did not "address the question of whether a fence's (or similar structure's) unsightliness or view obstruction could or could not be factors of a nuisance claim in Montana." *Tarlton*, ¶ 25.

¶14 *Tarlton*'s analysis, in which we distinguished earlier Montana and California nuisance holdings, demonstrates that, while it is possible under § 27-30-101(1), MCA, for "anything" to constitute a nuisance, a nuisance claim must nonetheless plead a factual foundation that satisfies governing legal standards. "A nuisance action may be based upon conduct of a defendant that is either intentional, negligent, reckless, or ultrahazardous." *Barnes*, ¶ 16. We have explained that a nuisance may either be a nuisance *per se* or a nuisance *per accidens*. *Barnes*, ¶ 17. A nuisance *per se* or at law is "an inherently injurious act, occupation, or structure that is a nuisance at all times and under any circumstances, without regard to location or surroundings." *Barnes*, ¶ 17. A nuisance *per accidens* or in fact "is one which becomes a nuisance by virtue of circumstances and surroundings." *Barnes*, ¶ 17. Likewise, a nuisance may also be classified as either absolute or qualified. *Barnes*, ¶ 18. An absolute nuisance is "a nuisance, the substance . . . of which is not negligence, which obviously exposes another to probable injury." *Barnes*, ¶ 18 (internal quotations omitted). A qualified nuisance is a "nuisance dependent on negligence that consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm, which, in due course, results in injury to another." *Barnes*, ¶ 18 (citations omitted).

6

¶15 Although we concluded that the jury instruction in *Tarlton* improperly limited § 27-30-101, MCA, that case involved a 270-foot by 20-foot man-made chain link fence covered in dark material and placed on a newly constructed 6-foot high berm adjacent to the neighboring property. *Tarlton*, ¶ 9. We did not hold in *Tarlton* that a nuisance claim would lie for any obstruction of view whatsoever. Here, the complaint alleges that a tree, in the course of its natural growth, has risen tall enough to obstruct Martin's view. Although Martin's complaint broadly claims that Artises' tree has reduced the aesthetic and monetary value of his property, interfered with the comfortable enjoyment of his property, and offended his senses, the entire factual basis of the claim is that a tree has obstructed his view because of natural growth.

¶16 There is extensive jurisprudence in other jurisdictions and commentary on the issue of whether trees and vegetation may constitute a nuisance, and various rules have been adopted to define the conditions for which a claim may be made. *See, i.e.*, F.S. Tinio, *Rights and Liabilities of Adjoining Landowners as to Trees, Shrubbery, or Similar Plants Growing on Boundary Line*, 26 A.L.R.3d 1372 (1969); *Restatement (Second) of Torts* § 840 (1979); *Ken Cowden Chevrolet, Inc. v. Corts*, 316 N.W.2d 259 (Mich. Ct. App. 1982); *Fancher v. Fagella*, 650 S.E.2d 519 (Va. 2007); *Whitesell v. Houlton*, 632 P.2d 1077 (Haw. Ct. App. 1981); *Lane v. W.J. Curry & Sons*, 92 S.W.3d 355 (Tenn. 2002). We decline to address or adopt any specific rules in this present case because we conclude that the nuisance claim plead in Martin's complaint does not satisfy the standards governing nuisance under current Montana law. The assertion that Artises'

naturally growing tree has obstructed Martin's view does not constitute, as a matter of law, "conduct of a defendant that is either intentional, negligent, reckless, or ultrahazardous," "an inherently injurious act," or a condition which "obviously exposes another to probable injury." *Barnes*, ¶¶ 16-18. We thus conclude that the District Court properly granted the Artises' motion to dismiss Martin's nuisance claim.

¶17 **B. Trespass claim for encroaching tree trunk and roots**.

¶18 "The entry of another person or thing obstructs a property owner's exclusive possession. A party need not establish actual harm or damages in a traditional trespass action." *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 2010 MT 63, ¶ 38, 355 Mont. 387, 228 P.3d 1134. "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in possession of the other, or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." *Branstetter v. Beaumont Supper Club*, 224 Mont. 20, 24, 727 P.2d 933, 935 (1986) (quoting *Restatement (Second) of Torts* § 158 (1965)). The "intent" element of trespass is fulfilled when "the actor desires to cause consequences [sic] of his act, or that he believes that the consequences are substantially certain to result from it." *Branstetter*, 224 Mont. at 24, 727 P.2d at 935 (quoting *Restatement (Second) of Torts* § 8A (1965)).

¶19 Martin's complaint alleges a trespass because the Artises' tree extends over the shared fence and the roots grow onto his property. The complaint further states that

8

"nearly 40% of the tree itself encroaches onto [Martin's] property over the common boundary fence" and that "[r]oots from the tree are encroaching onto [Martin's] property and are starting to buckle the boundary fence." Regarding intent, the complaint alleges that "[Artises] know their tree is growing over the fence onto the property and is buckling his fence but refuse to do anything to stop it," that Artises' "conduct is motivated by malice and/or willful, wanton and reckless disregard for [Martin's] rights," and that Artises are guilty of actual malice "because they had notice and knowledge of" the alleged facts. Although Artises argue that the complaint fails to plead an intention to trespass by way of their tree, we conclude that, for purposes of a M. R. Civ. P. 12(b)(6) motion to dismiss, intent was adequately pled.

¶20 The complaint alleges that the roots of Artises' tree have entered, remained on, and damaged Martin's property. Because the complaint adequately states a legal claim for trespass under Montana law, we reverse the order dismissing Martin's trespass claim, and remand to the District Court for further proceedings on that claim.

¶21 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS

9