
DA 12-0465

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 27N

BRIAN SPINKS,

      Plaintiff and Appellant,

  v.

TODD WHIPPLE, and MARTY LAMBERT,

      Defendants and Appellees.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-12-325C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brian Spinks (self-represented), Deer Lodge, Montana

      For Appellee:

      Steven R. Milch, Crowley Fleck PLLP, Billings, Montana

Submitted on Briefs:  January 3, 2013
Decided:   February 5, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Spinks (Spinks) appeals from an order entered by the Eighteenth Judicial District Court, Gallatin County, granting Defendants' motion to dismiss. We affirm.

¶3 On January 12, 2011, Spinks was charged by Information with violating an order of protection. The Information was signed by Chief Deputy Gallatin County Attorney, Todd S. Whipple (Whipple). On September 26, 2011, Whipple moved to dismiss the action without prejudice on the basis that jurisdictional venue was more appropriate in Toole County, where the alleged offense occurred. The District Court granted the motion and dismissed the action without prejudice.

¶4 On May 10, 2012, Spinks filed a complaint against Whipple and Gallatin County Attorney Marty Lambert (Lambert). The complaint asserts that Spinks was falsely arrested, wrongfully charged, falsely imprisoned, and maliciously prosecuted. According to the complaint, all of the claims stem from Whipple "intentionally and maliciously, illegally charging Plaintiff Brian Spinks in the wrong jurisdiction." Spinks later moved to join Gallatin County as a defendant in the action. On June 21, 2012, Whipple and Lambert moved to dismiss the action with prejudice based on absolute prosecutorial immunity.

¶5 The District Court granted Whipple and Lambert's motion to dismiss. The court stated that "all [of Spinks'] claims derive from allegations that he was 'illegally charged'

2

with a criminal offense which was subsequently dismissed." Therefore, the court reasoned, Spinks' allegations focus entirely on Whipple and Lambert's prosecutorial discretion in deciding whether to institute a criminal prosecution against a plaintiff, and if so on what charges. Determining that such actions are protected by absolute prosecutorial immunity, the court dismissed Spinks' complaint with prejudice. The court also denied Spinks' motion to join Gallatin County on the basis of mootness. Spinks appeals.

¶6      We review de novo a district court's decision on a motion to dismiss. *Martin v. Artis*, 2012 MT 249, ¶ 8, 366 Mont. 513, 290 P.3d 687 (citation omitted). We "'construe the complaint in a light most favorable to the plaintiff, deeming all factual allegations to be true.'" *Martin*, ¶ 8 (quoting *Fellows v. Off. of Water Comm'r*, 2012 MT 169, ¶ 11, 365 Mont. 540, 258 P.3d 448). We will affirm a dismissal "'only if [we] find[] that the plaintiff is not entitled to relief under any set of facts that could be proven in support of the claims.'" *Martin*, ¶ 8 (quoting *Fellows*, ¶ 11).

¶7      A decision as to whether or not to prosecute and what charge to bring against an individual is entirely within the discretion of the prosecutor. *Helena Parents Comm'n v. Lewis & Clark Co. Comm'rs*, 277 Mont. 367, 375, 922 P.2d 1140, 1145 (1996) (citation omitted). "Filing and maintaining criminal charges are among the many duties of a prosecutor and when a prosecutor acts within the scope of these duties, that prosecutor is absolutely immune from civil liability, regardless of negligence or lack of probable cause." *Rosenthal v. Co. of Madison*, 2007 MT 277, ¶ 29, 339 Mont. 419, 170 P.3d 493 (citations omitted). We have stated that filing and dismissing criminal complaints are "precisely the type of conduct that the prosecutorial immunity doctrine was designed to protect."

3

*Rosenthal*, ¶ 29. If we did not grant such prosecutorial immunity, "'[t]here would always be a question of possible civil action in case[s] the prosecutor saw fit to move dismissal of the case. . . . The work of the prosecutor would thus be impeded . . . .'" *Rosenthal*, ¶ 29 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423-24, 96 S. Ct. 984, 992 (1976)).

¶8    Here, all of the allegations included in the complaint pertain to Whipple's initiation of a criminal prosecution against Spinks—a matter within Whipple's prosecutorial discretion. Because Spinks did not allege any conduct on the part of either Whipple or Lambert that fell outside the scope of absolute prosecutorial immunity, the District Court correctly dismissed his action with prejudice.

¶9    Spinks argues for the first time on appeal that Whipple is not protected by the doctrine of absolute prosecutorial immunity because he stepped out of his scope as prosecutor and acted as a witness when he filed an affidavit of probable cause and motion for leave to file information. In support of his contention, he relies on the Supreme Court decision in *Kalina v. Fletcher*, 522 U.S. 118, 118 S. Ct. 502 (1997). It is well-established that this Court will not consider a change in legal theory or new arguments raised for the first time on appeal because of the "fundamental unfairness of faulting a district court for failing to rule correctly on an issue it was never given the opportunity to consider." *Schlemmer v. N. Cent. Life Ins. Co.*, 2001 MT 256, ¶ 22, 307 Mont. 203, 37 P.3d 63 (citations omitted). Consequently, we decline to consider Spinks' argument further.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶11    Affirmed.

4

/S/ Michael E Wheat

We Concur:

/S/ Mike McGrath
/S/ Jim Rice
/S/ Patricia Cotter
/S/ Brian Morris